**Isaac J. WRIGHT, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 14, 2011.

Decided Dec. 16, 2011.

Walter Stenhach, Coudersport, for petitioner.

Erin K. Boylan, Assistant Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge BROBSON.

Presently before the Court is an appeal from a decision of the Unemployment Compensation Board of Review (Board), which ruled that Claimant Isaac J. Wright (Claimant) failed to take a timely appeal from the Altoona UC Service Center's (UC Center) determination denying unemployment compensation benefits. By so ruling, the Board reversed the decision of the Referee, who found that Claimant timely filed his appeal and that Claimant was entitled to benefits. We now reverse the Board and remand the matter for further proceedings consistent with this Opinion.

The UC Center issued its Notice of Determination (NOD), denying Claimant benefits, on June 28, 2010.[1] The NOD included appeal instructions, noting that the last day to appeal the NOD was July 13, 2010. The NOD also provided the following with respect to appeal by fax:

If you file your appeal by fax, the appeal is filed on the date of receipt imprinted by the receiving fax machine. If the receiving fax machine does not imprint a legible date of transmission, it is filed on the date recorded by the Department when it receives the appeal. If you appeal by fax, you are responsible for any delay, disruption, or interruption of electronic signals and the readability of the appeal, and you accept the risk that the appeal may not be properly or timely filed. If you wish to appeal by fax,

---

1. During the hearing before the Referee, the Referee noted that he did not have a complete copy of the NOD in the claim record. Accordingly, he made a full copy of the NOD part of the hearing record, as Hearing Exhibit C–2. (Certified Record (C.R.) No. 8 (Notes of Testimony Day 1) at 10.)

complete Section 1 of the enclosed Petition for Appeal, or letter of appeal, and fax it to: **814–941–6801.**

(Emphasis in original.) On August 16, 2010, the Board issued a notice of hearing on Claimant's appeal from the NOD. (C.R. No. 7.) In that notice, the Board informed Claimant and his employer (Employer) that one of the issues to be considered in the appeal was "[w]hether [Claimant] filed a timely and valid appeal from the initial determination." (*Id.*)

The Referee bifurcated the hearing over two days. He dedicated the first day to the issue of the timeliness of Claimant's appeal. Claimant, represented by counsel, participated in the hearing. Employer, through its representative, also participated. The Department of Labor & Industry (Department) did not participate in the hearing.[2] No witness from the UC Center testified.

At the hearing, Claimant presented evidence to show that *on July 9, 2010,* he timely filed by fax transmission his appeal from the NOD denying him benefits. That evidence included: (a) Claimant's testimony; (b) testimony of his father, who testified that he faxed the appeal on Claimant's behalf (Sender) (C.R. No. 8 at 11–13); and (c) an account log, created weeks after the deadline to file the appeal had passed by the Sender's telephone/facsimile carrier (MetTel) at the Sender's request (C.R. No. 11 at 12–13, Ex. C–1), purportedly showing that a fax was successfully transmitted on July 9, 2010 to the facsimile number included in the NOD. Sender also testified that the fax machine he used did not contemporaneously print a fax confirmation sheet at the time he claims to have faxed the appeal on July 9, 2010, because the machine would only

print a contemporaneous report if there was an error in the transmission. (C.R. No. 8 at 13.) Sender testified that he was "[a]bsolutely" certain that the transmission was complete and confirmed. (*Id.*)

The copy of Claimant's appeal in the Board's record, however, includes a date stamp indicating that the UC Center received the appeal on *August 11, 2010.* Claimant offered the following explanation for the discrepancy in his testimony before the Referee:

CL ... Did there come a point where you discovered that the Appeal was not received by the Unemployment Office?

C I wasn't exactly sure how long the process was ...

CL Okay.

C ... but I figured I didn't [k]now what was going on so I called the Unemployment Office itself and they said they never received it *and I had no idea why.*

CL Okay and what did you do in response to that?

C As soon as I found out that they didn't receive it I faxed it immediately.

CL Okay, you have your father or you do it?

C My father.

(C.R. No. 11 at 8 (emphasis added).) A review of the appeal document in the Board's record shows that it is the copy of the appeal Sender sent *after* Claimant learned of the UC Center's claim that it did not receive the appeal faxed on July 9, 2010. Indeed, accompanying the appeal document in the Board's record is a state-

---

**2.** According to the Certification of Documents in the record (C.R. No. 6), the Department's

participation was not requested.

ment by an accountant from Sender's office, which provides:

> To: OES
>
> FROM: Potter County Housing Authority Richard Duzick, Accountant
>
> RE: *7–9–10 Fax* 0/6/0 Isaac J. Wright
>
> The above named individual did fax from our office (814) 274–0738 his petition for appeal to the OES.
>
> We have a phone and fax record of the transmission. Copies are available if needed in addition to this statement.
>
> > Sincerely,
> >
> > /s/ Richard Duzic
> >
> > Richard Duzic
> >
> > Acct.

There is no other copy of an appeal in the record that the Board certified to the Court.

Employer did not offer any evidence on the issue of timeliness of the appeal. At the conclusion of the first day of hearing, the Referee asked Employer whether it had any closing argument on the timeliness issue, to which Employer responded:

> Just briefly. It would appear—it appears that contrary to the date stamped on the Appeal receipt from the UC Service Center that the Appeal was faxed on July 9th based on the phone records. *This should be a timely appeal.*

(C.R. No. 8 at 14 (emphasis added).) The Referee then continued the hearing to consider the timeliness issue. (C.R. No. 9.)

On September 17, 2010, the Board issued another notice of hearing, this time identifying as issues only those going to the merits of the denial of benefits. (C.R. No. 10.) At the outset of the reconvened hearing, the Referee stated on the record: "The Appeal is ruled timely." (C.R. No.

11 (Notes of Testimony Day 2) at 3 (emphasis added).) There is no separate decision from the Referee in support of this ruling.

On October 15, 2010, the Referee mailed to the parties his Decision/Order, reversing the NOD and awarding Claimant benefits. The Referee specifically found that Employer failed to establish that Claimant was discharged for willful misconduct, which would have rendered him ineligible for benefits under Section 402(e) of the Unemployment Compensation Law[3] (Law). Employer appealed. In its appeal documents (C.R. No. 13), Employer challenged the Referee's determination that Employer failed to meet its burden on the merits. Employer *did not* challenge the Referee's ruling that the appeal was timely.

In its Decision and Order on Employer's appeal, the Board made the following findings of fact:

1. A Notice of Determination (determination) was issued to the claimant on June 28, 2010, denying benefits.

2. A copy of this determination was mailed to the claimant's last known post office address on the same date.

3. There is no evidence to indicate that the determination sent to the claimant was returned as undeliverable by the postal authorities.

4. The notice informed the claimant that July 13, 2010 was the last day on which to file an appeal from this determination.

5. *The claimant filed an appeal by fax, which was received by the Altoona UC Service Center on August 11, 2010.*

---

**3.** Act of December 5, 1936, Session Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

6. The claimant was not misinformed or misled by the unemployment compensation authorities concerning his right or the necessity to appeal.

7. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct.

(Emphasis added.) Based on these findings of fact, the Board, *sua sponte*, determined that Claimant's appeal was untimely under Section 501(e) of the Law,[4] which provides for a fifteen (15) day appeal period from a determination denying benefits. The Board dismissed Claimant's appeal from the NOD without addressing the merits of Employer's appeal from the Referee's decision.

■ On appeal to this Court,[5] Claimant, acting *pro se*, contends that the Board erred in reversing the Referee's ruling that he filed a timely appeal.[6] On this record, we must agree. The Board bases

its legal conclusion that Claimant's appeal was untimely on Board finding of fact number 5, in which the Board found that Claimant filed an appeal by fax, which the UC Center received on August 11, 2010. The document in the Board record with a receipt notation of August 11, 2010, however, is *not* the filing that the Referee found timely. There is extensive and unrebutted testimony before the Referee, recounted above, that Claimant faxed an appeal to the UC Center *on July 9, 2010*. It is that appeal—faxed days before the filing deadline of July 13, 2010—that the Referee found timely.[7]

■ The faxed document in the Board's record marked as received on August 11, 2010 came later. As Claimant explained in his testimony, he sent it only because an unidentified employee at the UC Center told him that the UC Center had no record of his July 9, 2010 appeal. As noted above, the August 11, 2010 document included a letter from an accountant, noting that it

---

4. 43 P.S. § 821(e).

5. The Claimant bore the burden of establishing the timeliness of his appeal from the NOD. Because Claimant had the burden of proof on this question and was the only party to present evidence, this Court's review is limited to a determination of whether the Board capriciously disregarded competent evidence, whether there has been a constitutional violation, or whether the Board committed an error of law. *McKenna v. Unemployment Comp. Bd. of Review*, 981 A.2d 415, 417 n. 4 (Pa.Cmwlth.2009). The Court has articulated the standard for capricious disregard as follows:

When determining whether the Board capriciously disregarded the evidence, the Court must decide if the Board deliberately disregarded competent evidence that a person of ordinary intelligence could not conceivably have avoided in reaching a particular result, or stated another way, if the Board willfully or deliberately ignored evidence that any reasonable person would have considered to be important.

*Jackson v. Unemployment Comp. Bd. of Review*, 933 A.2d 155, 156 n. 4 (Pa.Cmwlth. 2007).

6. Employer is not participating in this appeal.

7. We note that the Board's findings of fact 6 and 7 go to the question of whether Claimant should be allowed an appeal from the NOD *nunc pro tunc*. Claimant, however, has consistently maintained that he filed a *timely* appeal. He never requested *nunc pro tunc* relief. The Referee, consequently, did not grant Claimant *nunc pro tunc* relief. In other words, the Referee did not accept the appeal in the Board's record, marked as received on August 11, 2010, as a *nunc pro tunc* appeal. Instead, as noted above, the Referee expressly found that Claimant filed a *timely* appeal from the NOD. Based on the Referee's decision, we can only conclude that the Referee found that the Claimant filed his appeal on July 9, 2010, but that the filing simply is not in the Board's record for some unknown reason.

was merely a copy of the appeal originally faxed on July 9, 2010. The Board fails to make any mention of this record evidence in its findings, creating the illusion that the Referee found that the August 11, 2010 document in the Board's record was a timely appeal. That is simply an incorrect reading of the hearing record and of the Referee's decision.

In *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000 (Pa. Cmwlth.2010), the deadline for claimant to file her appeal from the notice of determination was December 29, 2009. The claimant attempted to file her appeal by hand-delivering the appeal to the UC service center, leaving it in a drop-box. The referee held a hearing on the question of whether the claimant's appeal was timely. During the hearing, the claimant testified that she placed the appeal in the drop box on the last day to file the appeal. She and her fiancé also testified that they did not mail the appeal form because they could not afford postage. The referee dismissed the appeal as untimely. On appeal to the Board, the Board expressly rejected the claimant's testimony as not credible. Concluding that the appeal was, in fact, filed a day late (*i.e.*, the date the UC service center recovered the appeal from the drop box), the Board affirmed the referee.

The claimant appealed to this Court, and we affirmed the Board. We first held the Department's regulations did not authorize a claimant to file an appeal by personal delivery to the UC service center. *Russo,* 13 A.3d at 1002–03 (citing 34 Pa.Code § 101.2). Assuming, however, the claimant was permitted to file in the manner that she chose, we nonetheless concluded that the Board did not err based on its evaluation of the evidence before the referee:

> Even assuming that the regulations permit the method used by Claimant to

file the appeal, the appeal was still untimely. In an unemployment compensation case, the Board is the ultimate fact-finder and is empowered to make credibility determinations. In making such determinations, the Board is free to reject the testimony of any witness, even uncontradicted testimony. *The Board rejected as not credible Claimant's testimony that she dropped off the appeal form on December 29 between 3:30 p.m. and 4:00 p.m.* The Board found that the appeal was filed on December 30 when the envelope was picked up from the drop-off box, as the notation on the envelope indicates. The record does not reveal any indication that the notation was not entered in the UC Service Center's regular course of business.

*Id.* at 1003 (citations omitted) (emphasis added).

Here, as in *Russo,* we acknowledge that the Board is the ultimate fact-finder, free to accept or reject as credible Claimant's and Sender's testimony notwithstanding the Referee's decision. But while the Board in *Russo* rejected as not credible the claimant's testimony on the timeliness of her appeal, the Board here utterly ignored Claimant's evidence. The Board's decision does not recount the evidence before the Referee or make any credibility findings with respect to the testimony, which the Referee obviously found credible and persuasive. In essence, the Board completely ignored the entire evidentiary basis of the Referee's decision—*i.e.*, that the Claimant filed his appeal on July 9, 2010, as reflected by both the testimony, the documents presented during the hearing before the Referee, and the notation from the Sender's office that accompanied the later-transmitted document in the Board's record. Because the Board failed to address, let alone acknowledge, the uncontroverted evidence before the Referee

on the timeliness issue that supported the Referee's decision, the Board capriciously disregarded competent evidence.

Implicit in the Board's decision is that the absence of the earlier July 9, 2010 appeal in the Board's record must mean that the UC Center did not receive it. What is, or is not, in the Board's record, however, is not always dispositive. In *Cumberland Valley Animal Shelter v. Unemployment Compensation Board of Review*, 881 A.2d 10 (Pa.Cmwlth.2005), the Board remanded an appeal to the referee to determine whether the claimant had timely filed an appeal of the referee's decision on the merits to the Board. On remand, the claimant and her spouse testified that the spouse mailed the appeal on September 13, 2004, but that the envelope was not part of the record as a Board exhibit. There was, however, an envelope in the record, but the claimant and her husband testified that the envelope, bearing a meter mark of September 22, 2004 and received by the Board on September 27, 2004, was not the envelope that the claimant and her husband mailed. Based on the record created by the referee on remand, the Board held that the claimant filed a timely appeal on September 13, 2004 and that the envelope containing that appeal is not in the record. *Cumberland Valley*, 881 A.2d at 12. On the merits, the Board reversed the referee's earlier determination and held that the claimant was entitled to benefits. *Id.*

Employer appealed both the ruling on timeliness and the ruling on the merits. On the timeliness issue, Employer argued that the envelope in the Board's record, indicating dates of receipt and post-mark beyond the appeal deadline, was dispositive under the Board's regulation governing the filing date of appeals. The Board argued, in response, that the envelope containing the claimant's appeal was lost by the referee. Because that envelope was not in the record, the Board argued it was not possible to apply the Board's regulations to determine the filing date. *Id.* at 13. We agreed with the Board and affirmed:

> We agree with the [Board] that, because the record reflects that Claimant's inability to prove the timeliness of her appeal pursuant to 34 Pa.Code § 101.82(b)(1)(iii) is due solely to the referee's failure to retain Claimant's original envelope or date-stamp Claimant's appeal, *it was proper for the [Board] to consider the testimony of Claimant and her husband to determine that the appeal was timely filed.*

*Id.* (emphasis added).

The reasoning supporting our decision in *Cumberland Valley* applies in this case as well. Here, the Board's record does not include Claimant's July 9, 2010 appeal. But the absence of the July 9, 2010 appeal in the Board's record alone is not proof that the Board did not receive it. Its absence in the record, at best, gives rise to an inference that Claimant did not file a timely appeal in this case. At a hearing on timeliness, where the Board's record does not include an appeal that the claimant claims he or she filed, a claimant can only establish the steps the claimant took to lodge a timely appeal. The claimant does not have within his or her power the ability to explain why the appeal in question is not in the Board's record. It was, therefore, appropriate and proper for the Referee to consider Claimant's evidence to determine whether, though not in the Board's record, Claimant filed an earlier, timely appeal on July 9, 2010. And, as noted above, it was error for the Board to disregard that evidence without explanation.

Unlike the Board, the Referee considered all of the evidence and concluded that

Claimant timely filed his appeal on July 9, 2010. His decision is supported by Claimant's testimony, Sender's testimony, the document found in the Board's record with the notation from the accountant in Sender's office, and the record of transmission from MetTel. The Department did not participate in the hearing. No record evidence was presented during the hearing to counter the evidence showing a *successful* transmission of the fax appeal to the UC Center on July 9, 2010.[8]

This brings us the Board's contention that under the Department's regulation, 34 Pa.Code § 101.82, which provides for the "[t]ime for filing appeal from determination of Department," the MetTel account log cannot be used to establish the filing date of Claimant's appeal. The Board also argues that because the regulation places the risk that a filing by fax may not be properly or timely filed, we must uphold the Board's decision. We disagree on both counts.

First, as noted above, the issue of timeliness of Claimant's appeal must be evaluated by reference to the July 9, 2010 appeal, and not the later-filed copy of the July 9, 2010 appeal in the Board's records. Focusing on the July 9, 2010 appeal, we conclude that Claimant timely filed his appeal by fax transmission on July 9, 2010 under the regulation. The regulation provides the following with respect to filings by fax transmission:

(b) A party may file a written appeal by any of the following methods:

. . .

(3) Fax transmission.

(i) *The filing date will be determined* as follows:

(A) The date of receipt imprinted by the Department, the workforce investment office or the Board's fax machine.

(B) If the Department, the workforce investment office or the Board's fax machine does not imprint a legible date, the date of transmission imprinted on the faxed appeal by the sender's fax machine.

(C) If the faxed appeal is received without a legible date of transmission, the filing date will be the date recorded by the Department appeal office, the workforce investment office or the Board when it receives the appeal.

(ii) A party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed.

(iii) *A fax transmission is timely filed if it is received* by the Department appeal office, workforce investment office or Board *before midnight*

---

**8.** As noted above, Sender testified that the fax machine he used would only print a report if there was an error in the transmission, and thus he did not have such a report. He testified that it was a successful transmission—"[a]bsolutely." Perhaps, if Employer had wanted to press the timeliness issue at the hearing and refute Claimant's evidence, Employer could have called a witness from the UC Center. Perhaps that witness could have testified as to whether (a) the UC Center had a copy of the July 9, 2010 appeal and, if not, (b) whether its records reflect receipt of the July 9, 2010 appeal, even if it did not have a physical copy of the fax appeal in the record. Perhaps the witness could have offered some explanation as to what the absence of such a record may or may not mean in terms of whether the UC Center actually received it. And, more importantly, had there been a witness to contradict Claimant's evidence, Claimant would have had the opportunity to cross-examine that witness.

*on the last day of the appeal period in accordance with this subsection.*

34 Pa.Code § 101.82(b)(3) (emphasis added).

Based on the Referee's conclusion that Claimant filed a timely appeal and our review of the record evidence, the Referee obviously accepted Claimant's testimony and supporting evidence and determined that Claimant transmitted his appeal to the UC Center by fax on July 9, 2010, and that the Board received it on that date. Under Section 101.82(b)(3)(iii), the fax transmission was filed once it was received.[9] For the Board to conclude that the appeal was *untimely,* there would have to be record evidence to support, under the regulation, a filing date for *that* appeal later than July 13, 2010. The July 9, 2010 faxed appeal, in its originally-transmitted form, however, is not in the Board's records and was not part of the record at the hearing before the Referee. Accordingly, Section 101.82(b)(3)(i)(A) and (C) of the regulation cannot be applied in this case to determine the date of filing.

Claimant also did not produce a fax machine report of transmission (a/k/a, a fax confirmation sheet). Indeed, his evidence showed that no such report existed because the machine he used only generated such a report when a transmission was *unsuccessful.* Accordingly, if Section 101.82(b)(3)(i)(B) can be read to allow consideration of a fax confirmation sheet, this provision still cannot be applied in this case.[10]

Based on the foregoing, the date of Claimant's appeal cannot be determined under Section 101.82(b)(3)(i). Accordingly, in this case the Referee was similarly-situated to the referee in *Cumberland Valley.* Based on our decision in that case, the Referee acted appropriately in relying on the evidence adduced during the hearing to determine that the filing date of that first fax transmission was July 9, 2010, and that, therefore, the filing was timely.

Section 101.82(b)(3)(ii) provides that "[a] party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal *may not be properly or timely filed.*" (Emphasis added.) The Board argues that this portion of the regulation supports its decision. The Board, however, did not find that there was a delay, disruption, or interruption of electronic signals in the transmission of Claimant's July 9, 2010 appeal. There is also nothing in the record upon which the Board could find that the UC Center received the appeal on July 9, 2010, but it simply was not readable. To the contrary, the only record evidence is the evidence Claimant offered—that he transmitted (or caused to be transmitted) the fax appeal on July 9, 2010 and that it was sent successfully—"[a]bsolutely."

---

9. We note that the regulation does not provide that in order for an appeal to be filed timely, the appeal must not only be received, it must be found in the Board's record throughout the duration of the administrative proceeding. The lack of such a requirement makes practical sense, because although a claimant can control the transmission of the fax appeal and confirm receipt, the claimant has no control over what happens to the document after it has been transmitted to and received by the Department appeal office, workforce investment office, or Board.

10. Because this case does not involve a fax confirmation sheet, the Board's citation to and reliance on *Mountain Home Beagle Media v. Unemployment Compensation Board of Review,* 955 A.2d 484 (Pa.Cmwlth.2008), which dealt with the reliability of fax confirmation sheets from the sender's fax machine, were misplaced.

As to the latter language in Section 101.82(b)(3)(ii), indicating that the claimant "accepts the risk that the appeal may not be properly or timely filed," the Board again makes no finding that the earlier transmitted appeal, the appeal that is the basis for the Referee's decision on timeliness, was not properly or timely filed on July 9, 2010. The Referee, by contrast, evaluated all of the evidence adduced during the hearing and concluded that Claimant filed a timely appeal. Accordingly, this language does not persuade us to affirm the Board's decision.

In short, the absence of a copy of Claimant's July 9, 2010 appeal in the Board's certified record is a mystery. But the record created before the Referee supports the Referee's finding that Claimant did successfully transmit his appeal by fax on July 9, 2010 to the UC Center—meaning, it was sent and received. The Board, however, capriciously disregarded this evidence when it focused solely on the August 11, 2010 fax transmission in its record. Under the Department's regulation, an appeal by fax is timely if it is received before the deadline. Accordingly, Claimant's July 9, 2010 appeal was timely. We, therefore, reverse the Board and remand for a determination on the merits of Employer's appeal from the Referee's determination.

President Judge LEADBETTER and Judge McCULLOUGH dissent.

### ORDER

AND NOW, this 16th day of December, 2011, the order of the Unemployment Compensation Board of Review is hereby REVERSED, and this matter is REMANDED to the Unemployment Compensation Board of Review for a decision on the merits of the employer's appeal from the referee's decision awarding benefits.

Jurisdiction is relinquished.