IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sherman W. Suber,                 :
                                  : No. 163 C.D. 2015
            Petitioner     : Submitted: September 11, 2015
                                  :
           v.                  :
                                  :
Unemployment Compensation    :
Board of Review,            :
                                  :
            Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION
BY SENIOR JUDGE FRIEDMAN          FILED: November 2, 2015

Sherman W. Suber (Claimant) petitions for review of the December 12, 2014, order of the Unemployment Compensation Board of Review (UCBR), affirming the decision of a referee to dismiss Claimant's appeal as untimely under section 501(e) of the Unemployment Compensation Law (Law).[1] We affirm.

After his separation from employment with Southeastern Pennsylvania Transportation Authority, Claimant applied for unemployment compensation (UC) benefits effective February 9, 2014. Initially, the local service center issued a

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e). Section 501(e) of the Law provides that an appeal from a Department of Labor and Industry (Department) determination must be filed within fifteen days of the determination.

determination that Claimant was not disqualified from receiving UC benefits. Before the determination became final, the local service center sent a notice of redetermination (redetermination) on September 5, 2014, finding Claimant ineligible for UC benefits under section 402(b) of the Law, 43 P.S. §802(b), due to his voluntary quit. The redetermination stated that Claimant had until September 22, 2014, to file an appeal and that Claimant could complete the enclosed petition for appeal or fax a letter of appeal to 814-871-4863. (Findings of Fact, Nos. 1-3; Notice of Redetermination.)[2]

The local service center did not include a petition for appeal in the information sent to Claimant. Claimant contacted the local service center about the missing appeal petition and was told that he could write the reason for his appeal on another document. (Notes of Testimony (N.T.) at 3.) On September 19, 2014, Claimant went to his state senator's office for assistance in filing his appeal. (*Id.* at 4.) Claimant wrote his reason for appeal on the last page of the redetermination and gave it to an employee of the senator to fax. Claimant testified that he gave the employee the correct fax number and highlighted it. (Findings of Fact, No. 5; N.T. at 7.) On September 19, 2014, the employee faxed the document to 814-871-4750. (Findings of Fact, No. 6; Ex. 2C.)

On October 6, 2014, Claimant called the local service center to inquire about the status of his appeal. Staff at the local service center informed Claimant that the appeal had not been received and that he should resend his appeal with proof of

---

[2] The UCBR adopted and incorporated the referee's findings of fact and conclusions of law in their entirety.

the original fax date.  On October 7, 2014, at Claimant's request, an employee of the senator's office faxed the appeal.  The employee faxed the appeal to 814-871-4570. (Findings of Fact, Nos. 7-8; Ex. 2D.)[3]

Thereafter, Claimant again called the local service center and was told that it had not received the appeal.  The local service center then told Claimant to fax his appeal to 814-217-6125, a number less frequently used.  On October 9, 2014, Claimant went to a community center and faxed his appeal to 814-217-6125.  The service center acknowledged receipt of the appeal on October 9, 2014.  (Findings of Fact, Nos. 9-10; Ex. 2E.)

A referee held a hearing on October 31, 2014, and addressed the timeliness of Claimant's appeal.  Claimant, unrepresented by counsel, testified that although he provided the senator's employee with the correct fax number, the employee sent his appeal to a different number.  Claimant testified that he did not know where the employee got the different number. Claimant stated that he has used the senator's office for various tasks for the past 14 years.

On November 3, 2014, the referee issued a decision dismissing Claimant's appeal as untimely pursuant to section 501(e) of the Law.  The referee concluded that section 501(e) of the Law requires Claimant to file an appeal within fifteen days of the local service center's determination.  Because Claimant failed to

---

[3] We note that the senator's employee initially faxed the appeal to 814-871-4750 on September 19, 2014.  On October 7, 2014, the senator's employee faxed the appeal to a different number, 814-871-4570.

comply with section 501(e) of the Law, the referee did not have jurisdiction. Further, the referee concluded that Claimant failed to establish fraud or a breakdown in the administrative process warranting a *nunc pro tunc* appeal. Claimant appealed to the UCBR, which affirmed. This appeal followed.[4]

On appeal, Claimant contends that he is entitled to *nunc pro tunc* relief because the untimely filing was not caused by his negligence. We disagree.

Initially, we observe that the fifteen-day time limit for filing an appeal from a Department determination is mandatory. *UGI Utilities, Inc. v. Unemployment Compensation Board of Review*, 776 A.2d 344, 347 (Pa. Cmwlth. 2001). The UCBR's regulations permit several methods for filing an appeal, including by fax. 34 Pa. Code §101.82(b)(3). However, "a party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document and *accepts the risk that the appeal may not be properly or timely filed*." 34 Pa. Code §101.82(b)(3)(ii) (emphasis added).

"An appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the appellant." *Mountain Home Beagle Media v. Unemployment Compensation Board of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008). The burden to justify an untimely appeal is

---

[4] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Law, 2 Pa. C.S. §704.

4

heavy. *Blast Intermediate Unit #17 v. Unemployment Compensation Board of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994). "An appellant may satisfy this heavy burden in one of two ways. First, he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Second, he can show non-negligent conduct beyond his control caused the delay." *Hessou v. Unemployment Compensation Board of Review,* 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Here, Claimant maintains that he gave the senator's employee the correct fax number and that his late appeal was attributable only to the negligent acts of a third party, the senator's employee.

Both parties cite to this court's unreported decision in *Stevens v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 1353 C.D. 2013, filed April 3, 2014).[5] In *Stevens,* the claimant's counsel misdialed and faxed the appeal to an incorrect number. Slip op. at 3-4. This court agreed with the UCBR that counsel's mistake in sending the appeal letter to the incorrect fax number did not qualify for *nunc pro tunc* relief. *Id*. at 8-9. This court concluded that "this is not the type of non-negligent conduct that was beyond the control of [the] [c]laimant or [the] [c]laimant's attorney. The transmission verification report . . . clearly shows that the appeal was faxed to an incorrect number." *Id*. at 9.

---

[5] In accordance with 210 Pa. Code §69.414(a), "[p]arties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent."

Similarly, in this case, the transmission verification reports show that Claimant's appeal was faxed to an incorrect number. As in *Stevens*, Claimant failed to verify that the fax was sent to the correct number.[6]

Nonetheless, Claimant argues that *Stevens* is distinguishable because the mistake here was not caused by counsel but by a third party who was not part of the litigation process. Arguing that he was not negligent, Claimant maintains that an appeal *nunc pro tunc* is warranted. *See Walker v. Unemployment Compensation Board of Review,* 461 A.2d 346-47 (Pa. Cmwlth. 1983) (holding that the failure of a post office to forward the notice of decision to appellant's new address warranted *nunc pro tunc* appeal).

Here, Claimant chose to file an appeal via fax and accepted the risk that the appeal would not be properly or timely filed. *See* 34 Pa. Code §101.82(b)(3)(ii). As in *Stevens*, Claimant, via a third party, faxed the appeal to an incorrect number and failed to check the transmission verification report. These actions, whether performed by Claimant, counsel, or a third party, do not constitute non-negligent conduct warranting a *nunc pro tunc* appeal.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[6] In *Wright v. Unemployment Compensation Board of Review*, 41 A.3d 58, 60 (Pa. Cmwlth. 2011) (*en banc*), in determining that the claimant filed a timely appeal, this court considered a document from the claimant's telephone carrier showing that a fax was successfully transmitted to the phone number listed in the notice of determination on the date in question.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sherman W. Suber,                               :
                                                : No. 163 C.D. 2015
                      Petitioner                :
                                                :
           v.                                   :
                                                :
Unemployment Compensation                       :
Board of Review,                                :
                                                :
                      Respondent                :


# O R D E R


AND NOW, this 2nd day of November, 2015, we hereby affirm the December 12, 2014, decision of the Unemployment Compensation Board of Review.


_____
ROCHELLE S. FRIEDMAN, Senior Judge