IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Lark,                                    :
                                              : No. 1063 C.D. 2015
                         Petitioner           : Submitted:  October 30, 2015
                                              :
            v.                                :
                                              :
Unemployment Compensation                     :
Board of Review,                              :
                                              :
                         Respondent           :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN              FILED:  January 22, 2016


            Adam Lark (Claimant) petitions for review, *pro se*, of the May 22, 2015,

order of the Unemployment Compensation Board of Review (UCBR) affirming the

decision of a referee to dismiss Claimant's appeal as untimely under section 501(e) of

the Unemployment Compensation Law (Law).[1]  We vacate and remand for further

proceedings.


            Claimant filed a claim for unemployment compensation benefits on

February 11, 2015.  (R. Item No. 2.)  On February 25, 2015, the Department denied

Claimant's request for benefits under section 402(e) of the Law, 43 P.S. §802(e),

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§821(e).  Section 501(e) of the Law provides that an appeal from a Department of Labor and
Industry (Department) determination must be filed within 15 days of the determination.

finding that Claimant was discharged from work for willful misconduct. (Findings of Fact, No. 1; R. Item No. 7.)[2] The Department mailed the February 25, 2015, notice of determination (Notice) on that date to Claimant's last known post office address. (Findings of Fact, No. 2.) The postal authorities did not return the Notice to the Department as undeliverable. (*Id.*, No. 3.) In the Notice, the Department informed Claimant that he had 15 days from the date of the Notice to file an appeal. (*Id.*, No. 4.) The last day on which Claimant could file a timely appeal was March 12, 2015. (*Id.*) Claimant did not file his appeal to the referee until March 16, 2015. (*Id.*, No. 5.) Claimant was neither misinformed nor misled regarding the right of or need to appeal. (*Id.*, No. 6.)

The referee held a hearing on April 6, 2015, wherein Claimant testified that he attempted to file his appeal by facsimile and by email on March 11, 2015, and that he called the Erie service center to report that he was attempting to file his appeal but was having difficulty. Claimant further testified that because his initial electronic filing attempts were unsuccessful, he mailed his appeal to the Department on March 11, 2015, one day before the appeal deadline.[3] The referee concluded, however, that

---

[2] The UCBR adopted and incorporated the referee's findings of fact and conclusions of law in their entirety.

[3] Claimant testified as follows:

> [I]t was March 11th. It was the date just before the [a]ppeal deadline. So, after that I called Unemployment. I was on hold for about a half an hour. I spoke to a gentleman. I said I'm trying to use your website to submit the [a]ppeal. It's not working. I'm constantly trying to fax it over. He told me, well, if they do get busy over there keep on processing it. . . . [H]e said you can also mail it and make sure you get the postmark. So, that same day I kept faxing and I took it to the post office.

**(Footnote continued on next page…)**

2

because Claimant's appeal was not filed until March 16, 2015, it was untimely under section 501(e) of the Law.

Claimant appealed to the UCBR, which affirmed. The UCBR found that "the only appeal on record was filed by mail post-marked [sic] March 16, 2015, after the appeal deadline." (UCBR's Order at 1.) The UCBR further stated that "[a] party attempting to file an appeal by fax or email is responsible for any delay, disruption, or interruption of electronic signal[] and bears the risk that the appeal may not be timely or properly filed." (*Id.*) Claimant now appeals from that decision.[4]

On appeal, Claimant asserts that the UCBR erred in concluding that his appeal was untimely under section 501(e) of the Law. Specifically, Claimant challenges the UCBR's determination that his appeal was postmarked March 16, 2015. Claimant maintains that the United States Postal Service (USPS) postmark date was March 11, 2015, one day before the appeal deadline. In its brief, the UCBR concedes that March 16, 2015, is the date the Department *received* the appeal, *not* the date of the USPS postmark. (UCBR's Br. at 4-5; *see* R. Item No. 8 at 2a.) However,

---

**(continued…)**

(N.T., 4/6/15, at 6.) When counsel asked Claimant to clarify when he mailed the appeal, Claimant replied, "I don't remember the date, but I know for a fact that I took it the day before the final [a]ppeal date to file." (*Id.*)

[4] Because Claimant had the burden of proving the timeliness of his appeal and was the only party to present evidence at the hearing, our review is limited to determining whether the UCBR capriciously disregarded competent evidence, whether constitutional rights were violated, or whether the UCBR committed an error of law. *Wright v. Unemployment Compensation Board of Review*, 41 A.3d 58, 62 n.5 (Pa. Cmwlth. 2011) (*en banc*).

3

the UCBR asserts that pursuant to its regulations, it was required to use the date of receipt as the date of filing because the USPS postmark is illegible.

The UCBR's regulations provide that when an appeal is filed by mail, the filing date is determined by, *inter alia*, the official USPS postmark on the envelope containing the appeal. 34 Pa. Code §101.82(b)(1)(i). If there is no USPS postmark, then the filing date is the date of the postage meter mark on the envelope. 34 Pa. Code §101.82(b)(1)(ii). If the filing date cannot be determined by either of those methods, then the filing date is the date recorded by the Department as the date it receives the appeal. 34 Pa. Code §101.82(b)(1)(iii).

Here, it is undisputed that Claimant's appeal envelope bears an official USPS postmark and, as the UCBR concedes, the postmark date was not March 16, 2015. Although the UCBR asserts in its brief that the postmark date is illegible, neither the referee nor the UCBR made such a finding. Moreover, the record inexplicably contains only a photocopy of Claimant's appeal envelope rather than the original envelope. Because the USPS postmark was placed directly on top of the postage stamp, this court cannot discern the date of the postmark from the photocopy. Therefore, we must remand to the UCBR for a determination as to the official USPS postmark date.

Additionally, if the UCBR is unable to determine the USPS postmark date because the referee failed to retain Claimant's original appeal envelope, then the UCBR must make findings of fact and credibility determinations as to Claimant's

4

testimony regarding the mailing of his appeal to the referee.[5] *See Cumberland Valley Animal Shelter v. Unemployment Compensation Board of Review*, 881 A.2d 10, 13 (Pa. Cmwlth. 2005) (concluding that the UCBR properly considered the testimony of the claimant and her husband regarding the date of mailing "because the record reflects that [the] [c]laimant's inability to prove the timeliness of her appeal . . . [was] due solely to the referee's failure to retain [the] [c]laimant's original envelope or date-stamp [the] [c]laimant's appeal"); *see also Wright v. Unemployment Compensation Board of Review*, 41 A.3d 58, 67 (Pa. Cmwlth. 2011) (*en banc*) (holding that the UCBR erred in disregarding uncontroverted evidence showing that the claimant timely faxed his appeal where the faxed appeal document was not in the certified record).[6]

---

[5] We note that the certified record *does* include the original envelope that contained Claimant's appeal to the UCBR from the referee's decision. (R. Item No. 14.) On that envelope, the official USPS postmark is adjacent to the postage stamp, so the postmark date is clearly readable. (*See id.*) Claimant's appeal to the UCBR was postmarked on April 16, 2015, and the UCBR received it on April 20, 2015 (*see id.*), establishing a four-day delay between the date Claimant mailed the appeal and the date the UCBR received it. The record shows that Claimant mailed both his appeal to the referee and his appeal to the UCBR from the same post office in Philadelphia. (*See id.*; R. Item No. 8 at 2a.) Therefore, it is conceivable that Claimant could have mailed his appeal to the referee by the filing deadline of March 12, 2015, even though the Department did not receive it until March 16, 2015.

[6] The *Wright* court explained:

> At a hearing on timeliness, where the [UCBR's] record does not include an appeal [document] that the claimant claims he or she filed, a claimant can only establish the steps the claimant took to lodge a timely appeal. The claimant does not have within his or her power the ability to explain why the appeal [document] in question is not in the [UCBR's] record. It was, therefore, appropriate and proper for the [r]eferee to consider [the] [c]laimant's evidence to determine whether, though not in the [UCBR's] record, [the] [c]laimant filed an earlier, timely appeal . . . . And . . . it was error for the [UCBR] to disregard that evidence without explanation.

41 A.3d at 64.

Accordingly, we vacate the UCBR's order and remand this matter to the UCBR for findings of fact and credibility determinations on the issue of the timeliness of Claimant's mailing of his appeal to the referee.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Lark,                              :
                                        : No. 1063 C.D. 2015
                    Petitioner          :
                                        :
            v.                          :
                                        :
Unemployment Compensation               :
Board of Review,                        :
                                        :
                    Respondent          :


O R D E R


AND NOW, this 22nd day of January, 2016, we hereby vacate the May 22, 2015, order of the Unemployment Compensation Board of Review and remand this matter for further proceedings consistent with the foregoing opinion.


Jurisdiction relinquished.


_____
ROCHELLE S. FRIEDMAN, Senior Judge