IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kristen Dzurinko,                    :
                                     : No. 1218 C.D. 2015
                    Petitioner       : Submitted: January 8, 2016
                                     :
          v.                         :
                                     :
Unemployment Compensation            :
Board of Review,                     :
                                     :
                    Respondent       :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  February 24, 2016


          Kristen Dzurinko (Claimant) petitions for review, *pro se*, of the May 13, 2015, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee to dismiss Claimant's appeal as untimely under section 501(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

          On July 6, 2014, Claimant filed a claim for unemployment compensation (UC) benefits.  (Notice of Overpayment, 2/12/15, at 1.)  On February 12, 2015, the UC service center issued a determination finding Claimant ineligible for benefits

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

under section 402(b) of the Law, 43 P.S. §802(b), beginning with the claim week of November 29, 2014, because Claimant voluntarily quit her employment with C & J Clark Retail, Inc. (Employer). (Findings of Fact, No. 1; Notice of Determination, 2/12/15, at 1.)

Also on February 12, 2015, the UC service center issued a determination finding that Claimant received a $2,527 fault overpayment under section 804(a) of the Law, 43 P.S. §874(a). (Findings of Fact, No. 2.) The UC service center mailed the two notices of determination (notices) to Claimant's last known post office address on February 12, 2015. (*Id.*, No. 3.) The notices were not returned as undeliverable. (*Id.*, No. 4.) Both notices informed Claimant that she had until February 27, 2015, to file an appeal. (*Id.*, No. 6.) Claimant filed one appeal of both determinations to the referee on March 4, 2015. (*Id.*, No. 7.)

The referee conducted a hearing on April 2, 2015, at which only Claimant testified. The referee found that the notices neither misinformed nor misled Claimant regarding the right of or need to appeal. (*Id.*, No. 8.) Because Claimant did not file her appeal within 15 days of the local service center's determination, the referee dismissed Claimant's appeal as untimely under section 501(e) of the Law. Claimant appealed to the UCBR.

The UCBR adopted and incorporated the referee's findings of fact and conclusions of law and summarized Claimant's testimony. Claimant testified that she did not realize that she missed the appeal deadline because she "'had a lot on [her] plate at that time.'" (UCBR's Decision, 5/13/15, at 1 (citation omitted).) Claimant

2

was going to school and working a full-time job. (*Id.*) The UCBR affirmed the referee's decision. Claimant now petitions for review of that decision.[2]

On appeal, Claimant concedes that her appeal was untimely under section 501(e) of the Law. Nonetheless, Claimant asserts that she had a good reason for her untimely appeal because she was attending school and working full-time.

Section 501(e) of the Law provides that an appeal from the local UC service center's notice of eligibility determination must be filed "within fifteen calendar days after such notice was delivered." 43 P.S. §821(e). This time period is jurisdictional and precludes both the referee and the UCBR from further consideration of the matter. *Gannett Satellite Information Network, Inc. v. Unemployment Compensation Board of Review*, 661 A.2d 502, 504 (Pa. Cmwlth. 1995).

"A statutory appeal period is mandatory and may not be extended as a matter of grace or mere indulgence." *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). Claimant essentially requests to proceed *nunc pro tunc*. A *nunc pro tunc* appeal will be allowed only when the "'delay in filing the appeal [was] caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent

---

[2] Because Claimant had the burden of proving the timeliness of her appeal and was the only party to present evidence at the hearing, our review is limited to determining whether the UCBR capriciously disregarded competent evidence, whether constitutional rights were violated, or whether the UCBR committed an error of law. *Wright v. Unemployment Compensation Board of Review*, 41 A.3d 58, 62 n.5 (Pa. Cmwlth. 2011).

circumstances related to an appellant or his [or her] counsel or a third party.'" *Id.* (citation omitted.)

Here, the record supports the UCBR's finding that Claimant was neither misinformed nor misled by the local service center's notices regarding her right of or need to appeal. Further, Claimant admits that the untimeliness of her appeal was caused by her own busy schedule, not by extraordinary circumstances involving non-negligent acts, fraud, or a breakdown in the administrative process. Therefore, the UCBR correctly dismissed Claimant's appeal as untimely.

Accordingly, we affirm.

ROCHELLE S. FRIEDMAN, Senior Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kristen Dzurinko,              :
                                         : No. 1218 C.D. 2015
                 Petitioner  :
                                         :
                       v.            :
                                         :
Unemployment Compensation  :
Board of Review,             :
                                       :
                 Respondent :

O R D E R

AND NOW, this 24th day of February, 2016, we hereby affirm the May 13, 2015, order of the Unemployment Compensation Board of Review.

ROCHELLE S. FRIEDMAN, Senior Judge