# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chelsea V. Watson,            :
                    Petitioner      :
                                    :
                  v.               :     No. 907 C.D. 2019
                                    :     Submitted: March 26, 2020[1]
Unemployment Compensation   :
Board of Review,              :
                     Respondent    :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ELLEN CEISLER, Judge (P.)
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED: April 29, 2020**

Chelsea V. Watson (Claimant) petitions for review of a June 13, 2019 Order of the Unemployment Compensation (UC) Board of Review (Board) that affirmed a Referee's Decision dismissing Claimant's appeal as untimely pursuant to Section

---

[1] On February 13, 2020, by agreement of both parties, this Court granted Respondent's Application for Leave to Submit the Case on Briefs Without Oral Argument, and cancelled oral argument in this case. Pursuant to the Administrative Order entered March 12, 2020, *In Re: Commonwealth Court March 2020 Oral Argument Session* (Pa. Cmwlth., No. 126 Misc. Docket No. 3, filed March 12, 2020), oral arguments were rescheduled to take place between Tuesday, March 24, 2020, and Thursday, March 26, 2020. Accordingly, the date submitted is March 26, 2020.

501(e) of the UC Law (Law), 43 P.S. § 821(e).[2] On appeal, Claimant argues that she, in fact, faxed in a timely appeal of the UC local Service Center's determination. Based on a review of the record, we affirm the Board's Order.

## I.    BACKGROUND

On November 12, 2017, Claimant filed a claim for UC benefits after her separation from Conewango Valley Country Club (Employer) on October 29, 2017. (Claim Record, Certified Record (C.R.) Item 1.) The local Service Center requested information from Claimant regarding her employment separation; however, Claimant did not respond. (Letter to Claimant, C.R. Item 2.) In a phone interview and questionnaire, Employer stated Claimant was discharged for willful misconduct. (Record of Oral Interview, C.R. Item 3; Employer Questionnaire, C.R. Item 4.) On June 6, 2018, the local Service Center issued a Notice of Determination, finding Claimant ineligible for benefits due to willful misconduct under Section 402(e) of the Law, 43 P.S. § 802(e).[3] (C.R. Item 6.) The local Service Center also issued a Notice of Determination for Fault Overpayment of Benefits on the same date. The Notices of Determination expressly stated Claimant had until June 21, 2018, to file an appeal. The Notices of Determination were mailed to Claimant's last known address and were not returned as undeliverable. (Referee Decision, Findings of Fact (FOF) ¶¶ 2-3, C.R. Item 11.)

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e) (providing that a determination is final if it is not appealed within 15 days of the notice being mailed to the last known post office address).

[3] Section 402(e) of the Law states "[a]n employe shall be ineligible for compensation for any week . . . [i]n which [the employe's] unemployment is due to [the employe's] discharge or temporary suspension from work for willful misconduct connected with [the employe's] work, irrespective of whether or not such work is "employment" as defined in this act . . . ." 43 P.S. § 802(e).

On March 21, 2019, Claimant mailed her appeal from the Notices of Determination. (Claimant's Petition for Appeal, C.R. Item 7.) Claimant's appeal stated, "I filled [sic] an appeal as soon as I received the first papers that were filed from my previous employer but I am unaware what happened to them and why I never heard back about my appeal." (*Id*.) A hearing regarding the timeliness of the appeal was scheduled before a Referee. During the hearing, the Referee asked Claimant why her appeal was late. (Hr'g Tr. at 4, C.R. Item 10.) Claimant stated that her mother faxed in Claimant's appeal on June 20, 2018, and testified as follows to the Referee's inquiries regarding the fax:

R    Okay. Now, the Determinations that we have here had final appeal dates of June 21st of 2018, and the envelope that your Appeal documents were mailed in was postmarked March 21st of 2018. And what would you have for testimony as to why your Appeal was late?

C    So, I have my original Appeal that I had sent in, and I was reviewing the -- that it was sent out I believe on the 5th, and it needed to be in by 15th, which as soon as I got this, I made sure that I got my Appeal faxed in, but once I looked and saw that it was sent out on the 5th and late date. It had to be in by the 15th. That hadn't given me enough time to get it in on time.

R    Now where are you getting the 15th at?
C    I believe I saw it -- I wonder if it was on this one.

R    Oh, is this what you were referring to?
C    Yes.

R    That's the date -- this is the Questionnaire that was sent to you, and they wanted the information back by May 15th of 2018.
C    Okay. Okay, so as far as that goes, Chris [] had told me when it needed to be faxed and I made sure that it was in by that time. I'm not 100 percent sure exactly when but I took this very seriously and got it in as soon as it needed to be, and I even have the fax confirmation that it was received. But then the next thing that I had heard was I didn't really hear anything back about the Appeal, so then over the next two months, that's when I started to

3

go online and try to reach out to someone that could direct me to what step I needed to take to --

R   Ma'am, when did you fax this?
C   It was on the 20th of June, 2018.

R   And where'd you fax it from?
C   It was faxed from Fed Ex.

R   Okay, you have a confirmation there?
C   Yes.

R   Okay, could I see it?  Okay, so this is an email.  How did you send it?  Did you fax it or did you email it?
C   I had my mom had faxed [sic] it from Fed Ex.

R   Okay.  Okay, do you know what number that it was sent to?
C   I just know that I had gotten the fax number off of an online form and I gave her that to send it to.  And that's why when I did my second appeal, that I ended up just typing out the letter and sending it in by mail because I wanted to make sure that it was received and my statement was clear.

R   Your mother works at Fed Ex?
C   Yes.

    . . .

R   Okay.  Well, it was sent -- according to this, there's an email that was sent.  It looks like it sent from your mother to her email, but I
    . . .
C   That yeah, [sic] I was a little bit unclear on that, but she did say that when they were sending it that it -- she had got a confirmation back that it was sent.

R   And is that the Appeal that she sent?
C   Yes[.]

R    Now, you didn't get anything back from the Unemployment Office after this was sent, did you?
C   No, not in regarding my Appeal, no.

4

(*Id.*) Claimant did not provide a copy or explanation of what she alleged was timely faxed, only a copy of an email confirmation of a fax. The copy of the email dated June 20, 2018, at 10:40 a.m. from Claimant's mother's email address to Claimant's mother's email address was entered into the record. The subject line of the email states that the fax transmission to the listed fax number "was Successful." (*Id.* at 7, Claimant's Ex. 1.) The email also included the number to which it was faxed, a date and time ("6/20/2018 2:37:00 PM"), and the total number of pages faxed (3). (*Id.*)

Following the hearing, the Referee issued a Decision, determining that Claimant did not appeal on or before June 21, 2018, as required. (FOF ¶¶ 4-5.) The Referee stated that Claimant did not possess the "actual confirmation from when the appeal may have been faxed in June 2018." (*Id.* ¶ 6.) In addition, the Referee determined Claimant was not misinformed or misled regarding her right or need to appeal the local Service Center's determination. (*Id.* ¶ 7.) Thus, the Referee dismissed the Petition for Appeal as untimely. (*Id.*)

Claimant then appealed the Referee's Decision to the Board. (Claimant's Petition for Appeal, C.R. Item 12.) On June 13, 2019, the Board issued its Order adopting and incorporating the Referee's findings of fact and conclusions of law and affirming the Referee's Decision. (Board's Order, C.R. Item 15.) The Board additionally noted that the fax number listed on the email Claimant provided was the one provided on the Notices of Determination. (*Id.*) The Board, however,

noted that Claimant's mother did not testify and there was no evidence presented as to what was faxed.[4] (*Id*.)

## II.    PARTIES' ARGUMENTS

On appeal to this Court,[5] Claimant argues that she offered credible testimony and a copy of an email confirmation to demonstrate that her mother timely faxed Claimant's appeal on June 20, 2018.  Claimant further asserts that, according to the Department of Labor and Industry's (Department) regulations, the date on the copy of the email confirmation should be considered the filing date.  Claimant asks "this Court [to] reverse the Board's decision and enter an order finding [Claimant]'s appeal timely and remand[] for further proceedings on the merits of [Claimant]'s appeal." (Claimant's Brief (Br.) at 14.)

The Board responds that Claimant filed her appeal nine months after the statutory deadline, and thus it was untimely.  Furthermore, the Board asserts that Claimant did not present enough evidence to demonstrate that she timely appealed.  Specifically, the Board notes that Claimant's mother did not testify and there was no evidence to indicate that the appeal was received.  Additionally, the Board argues that Claimant did not provide any evidence as to what was faxed.  The Board asserts that Claimant's testimony about the fax was not competent because Claimant was not present when her mother sent the fax.

---

[4] The Board's Order references a document attached to Claimant's brief to the Board that it could not consider because it was not part of the record.  This document is not attached to the brief in the Certified Record.

[5] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

## III. DISCUSSION

Section 501(e) of the Law governs an appeal of a local Service Center's Determination. It provides that:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [D]epartment under section five hundred and one (a), (c) and (d), **within fifteen calendar days** after such notice was delivered to [the claimant] personally, or was mailed to [the claimant's] last known post office address, and applies for a hearing, **such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final** and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e) (emphasis added). This statutory time frame is memorialized in the Department's regulations, as well. *See* 34 Pa. Code § 101.82(a) ("A party seeking to appeal a Department determination shall file an appeal . . . on or before the 15th day after the date on which notification of the decision of the Department was . . . mailed to him at his last known post office address."). "It is well-settled the statutory time limit for filing an appeal is mandatory in the absence of fraud or a breakdown in the administrative agency." *Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009).

A claimant may appeal a determination of the local Service Center via fax. 34 Pa. Code § 101.82(b)(3). The Department's regulation states:

(3) *Fax transmission.*

    (i)    The filing date will be determined as follows:

        (A) The date of receipt imprinted by the Department, the workforce investment office or the Board's fax machine.

(B) If the Department, the workforce investment office or the Board's fax machine does not imprint a legible date, the date of transmission imprinted on the faxed appeal by the sender's fax machine.

(C) If the faxed appeal is received without a legible date of transmission, the filing date will be the date recorded by the Department appeal office, the workforce investment office or the Board when it receives the appeal.

(ii) A party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed.

(iii) A fax transmission is timely filed if it is received by the Department appeal office, workforce investment office or Board before midnight on the last day of the appeal period in accordance with this subsection.

34 Pa. Code § 101.82(b)(3). The Department's regulation clearly sets out how to determine the date of an appeal that is faxed, and the Board must follow its own regulations. *Francis v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 8 C.D. 2019, filed Jan. 9, 2020), slip op. at 5 (citing *Edwards v. Unemployment Comp. Bd. of Review*, 639 A.2d 1279, 1281 (Pa. Cmwlth. 1994)).[6] However, even when there is an absence of a timely appeal document in the Board's record, if there is evidence that an appeal was sent, the Board should consider the evidence

---

[6] Pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), unreported opinions, while not binding on this Court, may be used for their persuasive value.

and determine whether the appeal was timely. *Wright v. Unemployment Comp. Bd. of Review*, 41 A.3d 58, 63 (Pa. Cmwlth. 2011).

The only appeal in the record is the appeal filed on March 21, 2019. The Board's record lacks any documents regarding the alleged June 2018 fax. At the hearing before the Referee, Claimant provided her own testimony and offered the email confirmation of the fax. Claimant argues that this is sufficient evidence to satisfy the evidentiary burden the Court set forth in *Wright*.

In *Wright*, the timeliness of an alleged appeal by fax transmission was also at issue. There, the Board received the claimant's untimely appeal of a local service center's determination via fax on August 11, 2010. The claimant testified that he refaxed the appeal after realizing that the Board did not receive his first fax transmission on July 9, 2010, which would have been timely. In addition to his own testimony, the claimant presented the testimony of his father who faxed the appeal and an account log to show the fax was successfully submitted. *Wright*, 41 A.3d at 60. Also in the record was a statement by an uninterested party at the father's office conveying that the father faxed an appeal on July 9, 2010. *Id*. at 61. This Court concluded that the statement noted that the August 11, 2010 fax "was merely a copy of the appeal originally faxed on July 9, 2010." *Id*. at 62-63. The referee credited the testimony and documents and ruled that the appeal was timely. The employer appealed to the Board regarding the merits, not whether the appeal was timely. However, the Board determined that the claimant's appeal was untimely. In doing so, the Board did not acknowledge or discredit any of the evidence the claimant presented before the referee related to the initial faxed appeal in July 2010. Instead, the Board only made a finding that the claimant appealed via fax on August 11, 2010.

9

On appeal, we concluded the Board erred in neglecting to issue any findings of fact or conclusions of law regarding the alleged July 9, 2010 fax when it overruled the Referee and deemed the appeal untimely. *Id*. at 67. This Court faulted the Board for making "**no finding** that the earlier transmitted appeal, the appeal that is the basis for the Referee's decision on timeliness, was not properly or timely filed." *Id*. (emphasis added). Furthermore, this Court noted that the Board "capriciously disregarded th[e] evidence when it focused solely on the August 11, 2010 fax transmission in its record." *Id*. Therefore, we reversed the Board's decision and remanded for a determination to be made on the employer's appeal.

In contrast, in the case currently before us, the Referee and the Board weighed Claimant's evidence and determined that Claimant did not present enough evidence to support her claim that the appeal was timely faxed. Additionally, Claimant presented less evidence of her alleged timely appeal than the claimant presented in *Wright*. Here, Claimant did not present any testimony from her mother who purportedly faxed the appeal. The only evidence is the email, which provides no information as to **what** was faxed to the Board. Moreover, the email indicates it was sent at 10:40 a.m., but confirmed the fax was sent later that day at 2:37 p.m. Therefore, it seems that the email was sent **before** the alleged fax submission. Unlike the claimant in *Wright*, Claimant also did not produce a full copy of what was allegedly originally faxed.[7]

---

[7] Claimant asserts that the Referee "did not inquire about the specific contents of Petitioner's faxed appeal." (Claimant's Br. at 9.) When a claimant is before a referee unrepresented by counsel, a referee is required to be cautious to ensure the claimant is given the opportunity to fully present the claimant's case. *Brennan v. Unemployment Comp. Bd. of Review*, 487 A.2d 73, 77 (Pa. Cmwlth. 1985). However, the referee need only assist "in a matter consistent with the impartial exercise of [the referee's] duties" and "[t]he referee need not advise an uncounseled claimant on specific evidentiary questions . . . ." *Id*. In the case before us, the **(Footnote continued on next page…)**

As the Board is the ultimate finder of fact, we are constrained by the record and the findings made by the Board if they are supported by substantial evidence. *Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1389 (Pa. 1985). The Board is "required to explain its decision in sufficient detail to permit meaningful appellate review." *Id.* In the case before this Court, the Board found that Claimant's evidence of a timely appeal was insufficient. (Board Order, C.R. Item 15.) We find no fault in this finding as it is supported by the evidence and not inconsistent with our precedent.

Having concluded that Claimant's appeal was untimely, we must next consider whether Claimant is entitled to *nunc pro tunc* relief. An appeal *nunc pro tunc* is warranted when there was a delay in filing due to extraordinary circumstances which involve fraud, a breakdown in the administrative process, or non-negligent conduct by a petitioner, a petitioner's counsel, or a third party. *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996). Claimant argues that she testified credibly that her mother, a third party, non-negligently faxed in the appeal documents. However, the Board is the finder of fact and decides credibility issues. *Peak*, 501 A.2d at 1389. Although the Board did not make an express credibility determination about Claimant, it is apparent based upon its holding that the Board did not credit Claimant's testimony about the original fax. We cannot overturn these findings. Furthermore, Claimant chose to file the appeal by fax and "accept[ed] the risk that the appeal may not be properly

---

**(continued…)**
Referee asked Claimant a series of questions regarding the fax, and also asked Claimant whether there was anything else Claimant would want to testify to regarding the timeliness of her appeal. (Hr'g Tr. at 5, C.R. Item 10.) Therefore, we find no issue with how the Referee conducted the hearing.

or timely filed." 34 Pa. Code § 101.82(b)(3)(ii). Therefore, Claimant has not proven that she is entitled to *nunc pro tunc* relief.

## IV. CONCLUSION

Based on the aforementioned, we affirm the Board's Order, dismissing Claimant's appeal as untimely.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chelsea V. Watson, : 
                   Petitioner : 
                                : 
             v. :   No. 907 C.D. 2019
                                : 
Unemployment Compensation : 
Board of Review, : 
                 Respondent : 

## O R D E R

**NOW**, April 29, 2020, the Order of the Unemployment Compensation Board of Review, dated June 13, 2019, is **AFFIRMED.**

                           _____

                           **RENÉE COHN JUBELIRER,** Judge