**Kathleen C. LOPRESTI, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 28, 2012.

Decided Oct. 31, 2012.

Richard J. Orloski, Allentown, for petitioner.

Janet M. Tarczy, Assistant Counsel, Harrisburg, for respondent.

Thomas M. Caffrey, Allentown, for intervenor County of Lehigh.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Kathleen C. Lopresti (Claimant) petitions for review of the April 27, 2012, order of the Unemployment Compensation Board of Review (UCBR), affirming the referee's dismissal of Claimant's appeal as untimely. We affirm.

Claimant received a notice of determination from the local service center denying benefits on November 21, 2011. (UCBR's Findings of Fact, No. 1.) The notice informed Claimant that the deadline for filing an appeal was December 6, 2011. (UCBR's Findings of Fact, No. 5.)

Claimant's attorney attempted to fax an appeal to the Allentown Unemployment Compensation Center (AUCC) on December 1, 2011. (UCBR's Findings of Fact, No. 7.) The fax machine received a "no answer" response. (*Id.*) No further attempt to fax the appeal or to file the appeal by another method occurred until January 9, 2012.[1] (UCBR's Findings of Fact, Nos. 6, 8.)

The referee dismissed the appeal as untimely. Claimant appealed the decision to the UCBR, which affirmed. This appeal followed.[2]

Claimant argues that the UCBR erred by failing to consider the merits of the appeal *nunc pro tunc.* We disagree.

Section 501(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 821(e) (emphasis added), provides:

> Unless the claimant or last employer ... files an appeal with the board, from the determination contained in any notice required to be furnished by the department ... **within fifteen calendar days** after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be

---

1. The attorney's office faxed a second notice of appeal only after Claimant contacted the attorney's office inquiring about the appeal's status. (UCBR's Findings of Fact, No. 9.)

2. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

final and compensation shall be paid or denied in accordance therewith.

The method for filing appeals with the UCBR is set forth in the UCBR's regulation at 34 Pa.Code § 101.82(b)(3)(ii), which provides that "[a] party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed."

■ "An appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the appellant." *Mountain Home Beagle Media v. Unemployment Compensation Board of Review*, 955 A.2d 484, 487 (Pa.Cmwlth.2008). However, "[t]he burden to establish the right to have an untimely appeal considered is a heavy one." *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa.Cmwlth.2008). An appellant must show that either "the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct" or that "non-negligent conduct beyond [the appellant's] control caused the delay." *Id.*

■ Here, Claimant asserts that the AUCC intentionally shut down its fax machine thereby engaging in "manifestly wrongful or negligent conduct." However, Claimant presented no evidence at the hearing before the referee supporting this assertion.[3]

Moreover, Claimant's failure to confirm a successful fax transmission contributed to the untimely appeal. Such a mistake does not qualify as "non-negligent conduct beyond [the appellant's] control." When Claimant sent the fax and received a "no answer" response, five days remained to the deadline. Counsel could have sent another fax or completed the appeal using an alternate method had he or she exercised reasonable care.

This court examined the intricacies of the timeliness of faxed appeals in *Wright v. Unemployment Compensation Board of Review*, 41 A.3d 58 (Pa.Cmwlth.2011) (*en banc*). In *Wright*, the claimant proved that he successfully transmitted the fax to the unemployment center prior to the appeal deadline. *Id.* at 65. The absence of the appeal in the record alone was not proof that the UCBR did not receive the appeal. *Id.* at 64. Therefore, we found the appeal to be timely. *Id.* at 67. The present case is easily distinguished from *Wright* in that the "no answer" response that Claimant received provides proof positive that the AUCC did not receive the fax. Claimant presented no additional evidence that he had *successfully* transmitted the fax.

Because the appeal was untimely, we will not consider Claimant's argument regarding the merits of the original appeal. *See Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa.Cmwlth.2003).

Accordingly, we affirm.

### ORDER

AND NOW, this 31th day of October, 2012, the order of the Unemployment Compensation Board of Review, dated

---

**3.** Claimant requested a remand from the UCBR in order to present a witness to support the allegation that the AUCC had engaged in manifestly wrongful or negligent conduct by turning off the fax machine. The UCBR has discretion to decide whether to grant a request for remand. *Skowronek v. Unemployment Compensation Board of Review*, 921 A.2d 555, 558 (Pa.Cmwlth.2007). In denying Claimant's request for remand, the UCBR did not abuse its discretion.

April 27, 2012, in the above-captioned matter, is affirmed.