IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert P. Barron,                              :
                Petitioner          :
                                  :   No.  637 C.D. 2015
          v.                             :
                                  :   Submitted:  September 25, 2015
Unemployment Compensation          :
Board of Review,                               :
                Respondent          :

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED:  November 3, 2015

Albert P. Barron (Claimant) petitions *pro se* for review of the February 26, 2015 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's dismissal of Claimant's appeal as untimely.  We affirm.

By Notice of Determination dated and mailed December 15, 2014, the local service center informed Claimant that he was ineligible for unemployment benefits under section 402(e) of the Unemployment Compensation Law (Law).[1] (Record Item No. 4.)  Claimant appealed, and a referee held a hearing at which both Claimant and a witness for his employer, EFC Trade, Inc. III, participated without benefit of counsel.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

In response to the referee's questions, Claimant stated that he has been receiving mail at his current address for six years without any problems. Claimant testified that his appeal, which was sent by fax on December 31, 2014, was not sent earlier because he misread the determination letter. Claimant apologized for his untimely filing, adding that he acted promptly as soon as he realized his mistake. (Notes of Testimony at 4-5.)

By decision and order dated January 20, 2015, the referee dismissed Claimant's appeal as untimely under section 501(e) of the Law, 43 P.S. § 821(e).[2] Citing Claimant's testimony, the referee found that: a notice of determination was mailed to Claimant on December 15, 2014; the notice informed Claimant that he must file an appeal within fifteen days and specifically advised him that the last day on which a valid appeal could be filed was December 30, 2014; the notice was not returned by postal authorities as undeliverable; Claimant was not misinformed or misled regarding his right to appeal; but Claimant misread the notice of determination and did not file an appeal until December 31, 2014. (Findings of Fact Nos. 1-7.) The referee stated that Claimant did not demonstrate fraud or a breakdown in the administrative process so as to permit consideration of his untimely appeal and noted the provisions of section 501(e) are mandatory.

---

[2] Section 501(e) of the Law, 43 P.S. § 821(e), provides that an appeal from a notice of eligibility determination must be filed "within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address." We have repeatedly held that "[f]ailure to timely appeal an administrative agency's decision constitutes a jurisdictional defect." *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1002 (Pa. Cmwlth. 2010).

Claimant appealed to the Board, which affirmed the referee's decision and adopted and incorporated the referee's findings and conclusions. Claimant now appeals to this Court.[3]

On appeal, Claimant argues that the Board erred by failing to consider the merits of his appeal *nunc pro tunc*. An appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the appellant. *Lopresti v. Unemployment Compensation Board of Review*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012). However, an appellant seeking to have an untimely appeal considered bears a heavy burden and must establish that the delay in filing was caused either by fraudulent, manifestly wrongful, or negligent conduct by the administrative authority, or by non-negligent conduct beyond the appellant's control. *Id.*

In his brief, Claimant asserts that an administrative breakdown and a lack of clarification by the local service center caused his untimely filing. Specifically, Claimant states that he received two different notices from the local service center. The first is a December 10, 2014 Notice of Financial Determination, which informed Claimant that he was financially eligible for benefits and reflected an appeal deadline of December 26, 2014. The second was a December 15, 2014 Notice of Determination, which advised Claimant that he was ineligible for benefits under section 402(e) of the Law and that the last date to file a timely appeal was December

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Lopresti v. Unemployment Compensation Board of Review*, 55 A.3d, 561, 562 (Pa. Cmwlth. 2012).

30, 2014. Claimant asserts that the two different notices along with the Christmas holidays contributed to his confusion and the untimely filing of his appeal.

However, Claimant did not mention the first notice at the hearing before the referee but only stated that he misread the December 15, 2014 notice. Accordingly, this argument is waived. Pa.R.A.P. 1551(a). More important, Claimant's admitted mistake in filing late was not caused by fraud or deception or any breakdown in the administrative process, and Claimant's mistake does not qualify as non-negligent conduct beyond his control. *Savage v. Unemployment Compensation Board of Review*, 491 A.2d 947 (Pa. Cmwlth. 1985).

In *Savage*, the claimant failed to attend a referee's hearing. He subsequently argued that the Board denied him due process of law when it failed to grant him a new hearing. The claimant acknowledged that he received timely notice of the first hearing and stated that he was absent from that hearing because he misread the notice. This court rejected the claimant's argument that his absence was for proper cause; indeed, we held in *Savage* that the reason for the claimant's absence from the first hearing was insufficient as a matter of law to justify his non-appearance. "Simply put, [the claimant's] own negligence was the sole cause of his not appearing" at the first hearing. *Id.* at 950.

Applying our holding in *Savage*, we conclude that Claimant has not demonstrated that the delay in filing his appeal was caused by extraordinary circumstances justifying consideration of his appeal *nunc pro tunc*.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert P. Barron, : 
          Petitioner : 
:   No. 637 C.D. 2015
      v. : 
: 
Unemployment Compensation : 
Board of Review, : 
          Respondent : 

## ***ORDER***

AND NOW, this 3rd day of November, 2015, the order of the Unemployment Compensation Board of Review, dated February 26, 2015, is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge