# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

JoAnne Downey,                         :
                    Petitioner         :
                                       :
          v.                           :     No. 298 C.D. 2016
                                       :     Submitted:  August 19, 2016
Unemployment Compensation              :
Board of Review,                       :
                    Respondent         :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED:  November 23, 2016**


JoAnne Downey (Claimant), proceeding pro se, petitions for review of the Order of the Unemployment Compensation Board of Review (Board) that affirmed a Referee's Decision dismissing Claimant's appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law), 43 P.S. § 821(e).[1]  On appeal, Claimant argues that the Board erred when it dismissed her appeal as untimely.  Discerning no error, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 821(e) (providing for a 15-day appeal period before a notice of determination is deemed final).

Claimant was discharged from her employment with Colonial Park Care Center (Employer), and she filed an application for unemployment compensation (UC) benefits. The Local UC Service Center (Service Center) found Claimant ineligible for UC benefits pursuant to Section 402(e) of the Law,[2] 43 P.S. § 802(e), because she committed willful misconduct by violating a known work rule. (Notice of Determination, R. Item 4.) The Notice of "[D]etermination was mailed to the Claimant's last known post office address" on November 6, 2015, and was not returned as being undeliverable. (Referee Decision, Findings of Fact (FOF) ¶¶ 2-3.) The Notice of Determination advised Claimant that she had 15 days from the date of the determination to file an appeal and that the last day to file an appeal was November 23, 2015. (FOF ¶¶ 4-5.) Claimant's appeal was filed on November 24, 2015, a day after the appeal period expired. (FOF ¶ 6.) A hearing was held before the Referee on December 15, 2015, at which only Claimant appeared.

Based on Claimant's testimony and her claim record, the Referee made the following relevant findings of fact:

7. The Claimant received the Notice of Determination and asked her neighbor to fax the appeal to the UC Service Center.

8. On November 17, 2015, the Claimant was advised [that] the UC Service Center did not have an appeal and was further advised to fax it again and to mail a copy of the appeal.

9. The Claimant spoke with her neighbor and asked the neighbor to refax the appeal.

---

[2] Section 402(e) provides, in relevant part, that a claimant is ineligible for UC benefits for any week in which the claimant is unemployed due to discharge occasioned by the claimant's willful misconduct in connection with the claimant's former work. 43 P.S. § 802(e).

10. On November 19, 2015, the Claimant again spoke with a UC Service Center Representative and was again advised that the UC Service Center did not receive her appeal and was again advised to refax the appeal and to mail a copy of the appeal to the Altoona UC Service Center.

11. On November 24, 2015, at 4:16:08PM[,] a faxed appeal was received by the UC Service Center.

12. The Claimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal.

13. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, or breakdown in the appellant [sic] system or by non-negligent conduct.

(FOF ¶¶ 7-13.) The Referee observed that, pursuant to Section 501(e) of the Law, a notice of determination becomes final unless an appeal is filed within 15 days of the mailing date of the determination. 43 P.S. § 821(e). The Referee noted that referees do not have jurisdiction to consider appeals filed beyond the 15-day time period unless the appealing party "show[s] that either fraud or a breakdown in the administrative process caused the late appeal, or that the party (or her attorney) caused the appeal to be late through non-negligent conduct." (Referee Decision at 2.) Citing the Board's regulation at 34 Pa. Code § 101.82(b)(3), which governs appeals filed by fax, the Referee found that although Claimant had testified that the fax received by the Service Center on November 24, 2015, had been the third fax she had sent, Claimant had no evidence confirming those prior attempts, such as fax confirmation sheets or fax cover sheets and, therefore, November 24, 2015, was the date of Claimant's appeal. (Referee Decision at 2-3.) Moreover, the Referee indicated that Claimant had agreed that she was twice told, after her faxed appeals had not been received, to mail a copy of her appeal, but that there was no record of Claimant having mailed an appeal. (Id. at 3.) Finally, noting that while

3

there is an exception to the mandatory 15-day appeal period where there is evidence of fraud or its equivalent, the Referee found that Claimant had not presented "testimony showing fraud or its equivalent by the UC Authorities which caused the late appeal." (Id. at 3.) Accordingly, the Referee concluded that because Claimant's appeal was untimely and the exception did not apply, the Referee had no jurisdiction and dismissed the appeal. (Id.)

Claimant appealed to the Board and, in that appeal, attempted to provide the Board with documents not presented to the Referee. Stating that it could not, and therefore did not, consider the extra-record evidence, the Board held that "[C]laimant has not credibly established that she faxed or mailed a timely appeal to the correct fax number." (Board Order.) The Board concluded that the Referee's Decision was proper under the Law, it adopted and incorporated the Referee's findings and conclusions, and it affirmed the dismissal of Claimant's appeal as untimely. (Id.) Claimant now petitions this Court for review.[3]

Claimant argues that she "was in constant communication with" the UC Authorities in order to correctly submit her appeal but that she twice submitted her appeal "to a location that was incorrect [based on] information given to her by the" UC Authorities. (Claimant's Br. at 8.) Claimant asserts that, once she was provided with "the correct information, she immediately submitted her" appeal, and she should not have been found ineligible for UC benefits. (Id.)

---

[3] "The Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of the Board was not followed or whether the findings of fact are supported by substantial evidence in the record." W. & S. Life Ins. Co. v. Unemployment Comp. Bd. of Review, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006).

The Board responds that it properly dismissed Claimant's appeal as untimely because although Claimant testified that she had previously faxed timely appeals, she did not present any additional evidence to support that testimony. See Lopresti v. Unemployment Comp. Bd. of Review, 55 A.3d 561, 563 (Pa. Cmwlth. 2012). The Board further argues that Claimant did not present documentary proof that she timely mailed her appeal. Finally, the Board contends that it "found that Claimant did not credibly establish that she faxed or mailed a timely appeal," and it is within its authority as "'the ultimate fact-finder . . . to accept or reject as credible Claimant's . . . testimony' regarding the timeliness of her appeal." (Board Br. at 6, quoting Wright v. Unemployment Comp. Bd. of Review, 41 A.3d 58, 63 (Pa. Cmwlth. 2011).)

Section 501(e) of Law governs appeals from a Notice of Determination and states:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to h[er] personally, or was mailed to h[er] last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e). The 15-day time period set forth in Section 501(e) is mandatory and subject to strict application. Vereb v. Unemployment Comp. Bd. of Review, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996). "If an appeal is not filed within . . . [15] days of the mailing of the determination, it becomes final, and the Board does not have the requisite jurisdiction to consider the matter." Dumberth v. Unemployment Comp. Bd. of Review, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). "Appeal periods, even at the administrative level, are jurisdictional and may not be

extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." Id. Accordingly, an appeal filed even one day after the day the appeal period expires requires the dismissal of the appeal as untimely. Id.

The method for filing an appeal by fax is set forth in the regulation at 34 Pa. Code § 101.82(b)(3), which provides:

(b) A party may file a written appeal by any of the following methods:
. . . .

(3) Fax transmission.
 (i) The filing date will be determined as follows:

(A) The date of receipt imprinted by the Department, the workforce investment office or the Board's fax machine.

(B) If the Department, the workforce investment office or the Board's fax machine does not imprint a legible date, the date of transmission imprinted on the faxed appeal by the sender's fax machine.

(C) If the faxed appeal is received without a legible date of transmission, the filing date will be the date recorded by the Department appeal office, the workforce investment office or the Board when it receives the appeal.

(ii) *A party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed*.

(iii) A fax transmission is timely filed if it is received by the Department appeal office, workforce investment office or Board before midnight on the last day of the appeal period in accordance with this subsection.

34 Pa. Code § 101.82(b)(3) (emphasis added). In Wright, this Court found that a claimant established that he successfully transmitted his appeal by fax to the local service center prior to the expiration of the appeal period notwithstanding the fact

that the service center did not have a copy of that appeal in the claimant's file. Wright, 41 A.3d at 67. That claimant did so by presenting *in addition to his own testimony* that he faxed the appeal before the deadline, the testimony of his father who had faxed the appeal, and a record from the telephone/fax carrier indicating that a fax was successfully transmitted to the number contained on the notice of determination on the date asserted by the claimant. Id. at 60. In reversing the Board's finding that the appeal was untimely, we held that the Board capriciously disregarded, without any discussion, all of the claimant's evidence regarding the filing of a timely appeal and erroneously relied upon a subsequently filed *copy* of that earlier appeal that was found in the claimant's claim record. Id. at 63-65. Accordingly, we concluded that the initial fax was timely filed. Id. at 67.

We distinguished Wright in Lopresti. In that case, the claimant's attorney faxed the appeal to the local service center, but received a "no answer" response. Lopresti, 55 A.3d at 562. The attorney made no further attempts to fax the appeal or file it by other means prior to the expiration of the appeal period. Id. The referee dismissed the appeal as untimely, and the Board affirmed. Id. After concluding that *nunc pro tunc* relief was not warranted because the conduct was not non-negligent, we discussed Wright observing that, unlike in Wright, the claimant in Lopresti "presented no additional evidence to establish that he had *successfully* transmitted the fax." Lopresti, 55 A.3d at 563 (emphasis in original). Thus, there was nothing to suggest that the appeal had been timely filed. Id.

There is no question here that Claimant did not file a timely appeal. As in Lopresti, the record contains no evidence that Claimant *successfully* transmitted an appeal to the Service Center by fax prior to the expiration of the 15-day appeal period. Moreover, there is nothing in the record indicating that Claimant timely

filed her appeal using a different method, such as by mail, because there is no evidence to support her assertion that she mailed an appeal, such as a United States Postal Form 3817, which establishes proof of mailing. Further, there is no evidence in the record that the Service Center ever received a copy of Claimant's appeal in the mail. Accordingly, Claimant's appeal was not timely filed.

However, as referenced by the Referee, an exception to this mandatory rule is the filing of an appeal *nunc pro tunc*. "An appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by *extraordinary* circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the appellant." Mountain Home Beagle Media v. Unemployment Comp. Bd. of Review, 955 A.2d 484, 487 (Pa. Cmwlth. 2008) (emphasis added). Claimant bears "[t]he burden to establish the right to have an untimely appeal" and that burden is "considered . . . *a heavy one*." Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (emphasis added). In order to meet this burden, claimant must prove that "the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct" or that "non-negligent conduct beyond [Claimant's] control caused the delay." Id.

Although Claimant does not use the phrase "*nunc pro tunc*," it appears that Claimant is arguing that she was somehow misled or misinformed by the UC Authorities regarding where to fax or mail her appeal and that once she received the correct information, she immediately filed her appeal. However, a review of the record reveals that Claimant did not testify or argue that she was misled or misinformed by the UC Authorities or that she received the wrong information regarding where to file her appeal. Rather, Claimant's testimony focused on her

8

assertion that she followed the directions of UC Authorities and that it was not her fault that her appeals were not being properly received. (Hr'g Tr. at 8-10, R. Item 9.) Thus, Claimant's assertion that she was misled or misinformed is not supported by the record and does not support *nunc pro tunc* relief.[4]

Claimant's argument also could be interpreted as asserting that the untimeliness of her appeal was caused by non-negligent conduct because she maintains that she did try to file her appeal on time. The Board, in adopting the Referee's findings, concluded that the late appeal was not caused by non-negligent conduct. (FOF ¶ 13.) *Nunc pro tunc* relief, while equitable in nature, is intended to be applied in *extraordinary* circumstances where the untimely filing was the result of *unforeseeable and unavoidable events beyond the control* of the petitioner that are not attributable to the petitioner's own negligence. Criss v. Wise, 781 A.2d 1156, 1160 (Pa. 2001); Hessou, 942 A.2d at 198.

Under these circumstances, we find no error in the Board's determination. Claimant attempted to fax her appeal during the appeal period and, in doing so, she assumed the risk that her appeal would not be properly or timely filed. Suber v. Unemployment Comp. Bd. of Review, 126 A.3d 410, 413 (Pa. Cmwlth. 2015) (citing 34 Pa. Code. § 101.82(b)(3)(ii)), petition for allowance of appeal denied, 138 A.3d 7 (Pa. 2016). Although Claimant inquired into the status of her appeal

---

[4] The concurring and dissenting opinion states that we should remand this matter to allow Claimant to develop "a more substantial record," given her claim, made for the first time in her brief to this Court, that she was given incorrect information by the UC Authorities. Downey v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., 298 C.D. 2016, filed November 23, 2016) (Cosgrove, J., dissenting), slip op. at 3. However, as discussed above, Claimant did not raise this claim during the hearing before the Referee, and thus neither the Referee nor the Board were able to evaluate it. We are unaware of any precedent authorizing a remand to give a party another opportunity to present evidence or testimony that was available to her at the first hearing.

and became aware that the faxes were not being received by the Service Center, she did not present evidence to support her claim that she filed a copy of her appeal by mail, as twice advised by the UC Authorities. (FOF ¶¶ 8, 10; Hr'g Tr. at 7-9.) The record contains no evidence of an appeal being received by mail. Claimant also did not present evidence that her neighbor was faxing the appeal to the correct fax number for the Service Center. See Suber, 126 A.2d at 413 (holding that the sending of an appeal by fax to an incorrect fax number is not non-negligent conduct and does not qualify for *nunc pro tunc* relief). Moreover, although Claimant had called the Service Center previously, Claimant did not call prior to the expiration of the appeal period, on November 23, 2015, to check to see if her most recently faxed appeal had been received. Finally, Claimant acknowledged that she had read the appeal instructions on the Notice of Determination and that, as noted therein, she could have emailed her appeal from the library or a neighbor's computer but testified that she "wasn't even thinking about that." (Hr'g Tr. at 8-9.) Although we sympathize with Claimant, we conclude that the untimely filing of Claimant's appeal is not due to unforeseeable and unavoidable events beyond Claimant's control and, therefore, not the result of non-negligent conduct. As such, *nunc pro tunc* relief is not warranted here.

For these reasons, the Board's Order is affirmed.

_____

**RENÉE COHN JUBELIRER,** Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

JoAnne Downey,       :
     Petitioner :
          :
    v.     : No. 298 C.D. 2016
          :
Unemployment Compensation :
Board of Review,     :
     Respondent :

## **O R D E R**

**NOW**, November 23, 2016, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____

**RENÉE COHN JUBELIRER,** Judge

JoAnne Downey,                              :
                    Petitioner            :
                                           :
        v.                                 :
                                           :
Unemployment Compensation                  :
Board of Review,                           :    No. 298 C.D. 2016
                    Respondent            :    Submitted: August 5, 2016


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

CONCURRING AND DISSENTING
OPINION BY JUDGE COSGROVE              FILED:  November 23, 2016


        Although I agree with the Majority that the appeal filed in this matter was untimely and thus concur in this portion of its opinion, I write separately to discuss the issue of *nunc pro tunc* relief and the reasons for its denial in this case. As I cannot agree with the Majority's analysis in this regard, I must dissent.

        The Majority rightly explains that although an untimely petition divests the Board of jurisdiction, an equitable remedy is available under certain circumstances through allowance of appeal *nunc pro tunc*.  In *Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1978), our Supreme Court outlined the general parameters for grant of such relief in the face of an untimely appeal: Instances where "fraud, or some breakdown" in administrative operations, or the

"non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal."

In *Bass*, an attorney's secretary, who ordinarily assured that administrative matters such as the timely filing of appeals were properly handled, became ill and missed work. As a result, the appeal was not filed until after the requisite deadline and not until the secretary returned to the office. Although the possibility of illness is not unforeseeable, the Supreme Court nonetheless found this a non-negligent circumstance and permitted the appeal to proceed. This result is consistent with what the Court has further recognized, namely, that grant of appeal *nunc pro tunc* is a form of "equitable relief." *Criss v. Wise*, 781 A.2d 1156 (Pa. 2001).

In the present case, the Referee's findings, adopted by the Board, recognize that Petitioner "asked her neighbor to fax the appeal..." and when same was not received, she was advised by the UC Service Center "to fax it again and to mail a copy." Brief of Respondent at 3. While Petitioner did not present additional evidence of her attempts to successfully appeal, such as a fax transmission sheet or proof of mailing, she was ultimately successful in delivering her appeal "by fax on November 24, 2015," *id.,* which was one day later than the specified deadline. The Majority is correct that one day of tardiness renders the appeal untimely, but where it errs is in closing the door to the equitable relief which *Bass* and *Criss* recognize. As sparse as the record is in this case, it is clear that Petitioner wished to timely appeal and made an effort to do so; she was in communication with the Service Center and "corrected [the untimeliness] within a very short time," *Bass*, during which Respondent suffered no prejudice. On this record, I would reverse and

allow the appeal to proceed. The equities in this matter weigh no less in favor of Petitioner than they did for the prevailing party in *Bass*, entitling her to the same relief.

At the very least, and given Petitioner's claim that "she 'was in constant communication with' the UC Authorities in order to correctly submit her appeal but that she twice submitted her appeal 'to a location that was incorrect [based on] information given to her by the' UC Authorities," Majority Slip Opinion at 4, this matter should be remanded for development of a more substantial record.

I therefore, and respectfully, dissent.

_____
JOSEPH M. COSGROVE, Judge