# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon Kriebel,           :
        Petitioner        :
                            :
       v.                    :   No. 1345 C.D. 2018
                            :   SUBMITTED: March 1, 2019
Unemployment Compensation    :
Board of Review,              :
         Respondent     :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                            FILED: April 11, 2019

Brandon Kriebel (Claimant) petitions for review, *pro se*, of the August 24, 2018 Order of the Unemployment Compensation Board of Review (Board), affirming the Referee's dismissal of Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1] We affirm the Board's Order.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Section 501(e) of the Law states:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [D]epartment [of Labor and Industry (Department)] under [S]ection [501(a), (c) and (d) of the Law], within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e).

**Background**

Following his separation from employment with JADCO Manufacturing Company, Inc. (Employer), Claimant filed an application for unemployment compensation (UC) benefits, effective February 19, 2018. Bd.'s Findings of Fact (F.F.) No. 1.[2] On May 1, 2018, the local UC Service Center sent Claimant three Notices of Determination, finding him ineligible for benefits and assessing a fault overpayment against him in the amount of $1,118 and imposing a penalty in the amount of $167.70. *Id.* No. 2; R. Item No. 4.[3] The Notices of Determination stated that the final day to appeal the decisions was May 16, 2018. Bd.'s F.F. No. 3.

Claimant attempted to file an appeal via the Department's website, but the appeal would not go through. *Id.* No. 4. Claimant then attempted to file his appeal by fax, but he was unaware that the fax machine at his office was not connected to a telephone line and could not send faxes. *Id.* No. 5; R. Item No. 10; Notes of Testimony (N.T.), 7/24/18, at 3. On June 26, 2018, Claimant successfully faxed his appeal to the Department. Bd.'s F.F. No. 6.

The Referee held a hearing on July 24, 2018, limited to the issue of the timeliness of Claimant's appeal. Claimant appeared at the hearing *pro se*; Employer did not appear. Claimant testified that he received the Department's Notices of Determination before the appeal deadline of May 16, 2018. N.T., 7/24/18, at 2. Claimant testified that he attempted to file his appeal twice online but "could not get the online form to go through." *Id.* at 3. On May 14 or May 15, 2018, Claimant tried to fax the appeal to

---

[2] On the Employer Questionnaire, Employer's supervisor stated, "Claimant's last day of work was 10/20/17. Claimant was involuntarily discharged. I believe he was working to the best of his ability but it wasn't enough to do the job." Record (R.) Item No. 3.

[3] The Service Center determined that Claimant's reported earnings for two claim weeks in October 2017 were below the actual earnings reported by Employer. R. Item No. 4. The Service Center found that "[C]laimant worked but knowingly failed to report all earnings and, therefore, failed to file a valid claim for [unemployment] compensation." *Id.*

2

the Department while he was at work. *Id.* Claimant testified, "I don't use the fax [machine] very often at work, really for nothing. And I sent [the appeal form] through. I thought it went through. It did not." *Id.* According to Claimant, he discovered in June 2018 that the machine he had used to fax the appeal form was unable to send faxes, so he "went to another building at work" and faxed the appeal to the Department. *Id.* This time, he waited for confirmation that the fax went through. *Id.*

Claimant testified that "part of it's my fault, I guess, for not following up the first go around." *Id.* When the Referee asked Claimant why he did not mail the appeal form to the Department, Claimant replied that he doesn't "do much through the mail," but "I guess I could have done that." *Id.*

Following the hearing, the Referee dismissed Claimant's appeal as untimely, concluding:

> [C]laimant did not file an appeal within the mandatory 15-day appeal period. Although [C]laimant may have attempted to file an appeal sooner, he did not ensure that his electronic methods of filing an appeal were successful prior to expiration of the appeal period. [C]laimant has not shown that the late appeal was caused by fraud or a breakdown in the administrative process. The provisions of [Section 501(e)] of the [L]aw are mandatory[,] and the Referee has no jurisdiction to allow any appeal filed after the expiration of the statutory appeal period.

Ref.'s Order, 7/25/18, at 2.

Claimant timely appealed to the Board, which adopted the Referee's Findings of Fact and Conclusions of Law. The Board also concluded that Claimant "failed to establish extraordinary or non[-]negligent circumstances permitting a late or *nunc pro tunc* appeal." Bd.'s Order, 8/24/18, at 1. Therefore, the Board affirmed the Referee's dismissal of Claimant's appeal as untimely. Claimant now appeals from that decision.[4]

---

[4] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Law, 2 Pa. C.S. § 704.

**Issue**

Did Claimant meet his burden of establishing non-negligent circumstances justifying a *nunc pro tunc* appeal from his Notices of Determination?

**Analysis**

The 15-day time limit for filing an appeal from a Department determination is mandatory. *UGI Utils., Inc. v. Unemployment Comp. Bd. of Review*, 776 A.2d 344, 347 (Pa. Cmwlth. 2001). "Failure to timely appeal an administrative agency's action is a jurisdictional defect, and the time for taking an appeal cannot be extended as a matter of grace or mere indulgence." *Constantini* v. *Unemployment Comp. Bd. of Review*, 173 A.3d 838, 844 (Pa. Cmwlth. 2017).

The Board's regulations permit several methods for filing an appeal, including by fax transmission. *See* 34 Pa. Code § 101.82(b)(3). However, the regulation at 34 Pa. Code § 101.82(b)(3)(ii) expressly states that "*a party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed*." 34 Pa. Code § 101.82(b)(3)(ii) (emphasis added). The regulation also provides that "[a] fax transmission is timely filed if it is received by the Department appeal office . . . before midnight on the last day of the appeal period in accordance with this subsection." 34 Pa. Code § 101.82(b)(3)(iii).

Here, it is undisputed that Claimant filed his appeal with the Department by fax more than one month after the appeal deadline, on June 26, 2018. Our Court has explained that "[a]n appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the appellant." *Mountain Home Beagle Media v. Unemployment Comp. Bd. of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008). The petitioner's burden to justify an untimely appeal is

4

"heavy." *Blast Intermediate Unit # 17 v. Unemployment Comp. Bd. of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994). A petitioner "may satisfy this heavy burden in one of two ways. First, he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Second, he can show non-negligent conduct beyond his control caused the delay." *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

Here, Claimant does not allege that fraudulent or negligent behavior by the Department caused him to file a late appeal. Rather, he argues that non-negligent circumstances beyond his control – *i.e.*, an inoperable fax machine at his place of employment – caused the delay. We reject this claim.

Because Claimant chose to file his appeal by fax, he accepted the risk that the appeal would not be properly or timely filed. *See* 34 Pa. Code § 101.82(b)(3)(ii); *Suber v. Unemployment Comp. Bd. of Review*, 126 A.3d 410, 413 (Pa. Cmwlth. 2015). At the hearing, Claimant admitted that: he received the Notices of Determination before the May 16, 2018 appeal deadline and was aware of the deadline; he did nothing to verify that the fax he attempted to send to the Department on May 14 or May 15, 2018 actually went through; he could have mailed the appeal form to the Department but chose not to do so; and when he faxed the appeal form to the Department in June 2018, he waited to receive confirmation that the fax went through.[5] N.T., 7/24/18, at 2-3. Therefore, the evidence of record establishes that Claimant's late appeal was caused by his own negligence. *See Lopresti v. Unemployment Comp. Bd. of Review*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012) ("[The c]laimant's failure to confirm a successful fax transmission contributed to the untimely appeal. Such a mistake does not qualify as 'non-negligent conduct beyond [the appellant's] control.'") (brackets in original).

_____

[5] Claimant testified that after faxing the appeal form in June 2018, he "sat . . . on hold [with the Department] for [an] hour and a half this time to wait and make sure that [the] fax went through." N.T., 7/24/18, at 3.

**Conclusion**

We conclude that Claimant failed to meet his heavy burden of establishing non-negligent circumstances justifying a *nunc pro tunc* appeal.[6]  Accordingly, we affirm the Board's Order.

_____
ELLEN CEISLER, Judge

---

[6] In his appellate brief, Claimant argues that the Department unfairly assessed a fraud overpayment and penalty against him because it was Employer, not Claimant, that incorrectly reported Claimant's earnings to the Department.  Claimant's Br. at 7-8.  He also asserts that being required to pay the overpayment and penalty would cause him financial hardship. *Id.* at 9-10.  While we empathize with Claimant's situation, we, like the Referee and the Board, are precluded from addressing the merits of his appeal due to its untimely filing. *See Lopresti*, 55 A.3d at 563 ("Because the appeal was untimely, we will not consider [the c]laimant's argument regarding the merits of the original appeal.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon Kriebel,                         :
              Petitioner    :
                               :
      v.                               :   No. 1345 C.D. 2018
                               :
Unemployment Compensation          :
Board of Review,                         :
              Respondent    :

## **O R D E R**

AND NOW, this 11th day of April, 2019, the Order of the Unemployment Compensation Board of Review, dated August 24, 2018, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge