# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shahla Arefzadeh,                                           :
                                   Petitioner               :
                                                            :
          v.                                                : No. 1295 C.D. 2024
                                                            : Submitted: December 8, 2025
Unemployment Compensation                                   :
Board of Review,                                            :
                                   Respondent               :


BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                        FILED: January 9, 2026


          Shahla Arefzadeh (Claimant), who represents herself in this appeal, petitions
for review of the August 9, 2024 order of the Unemployment Compensation (UC)
Board of Review (Board) dismissing Claimant's appeal of a UC Referee's (Referee)
decision to deny Claimant UC benefits. The Board concluded Claimant's appeal of
the Referee's decision was untimely under Section 502 of the UC Law[1] (UC Law),
43 P.S. § 822, and did not reach the merits of Claimant's appeal. Upon review, we
affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*,
43 P.S. §§ 751-919.10.

# I. Background

Relevant to this appeal, the UC Referee issued its decision denying Claimant UC benefits on October 11, 2023. Certified Record (C.R.) at 210. The Referee's decision included a notice advising Claimant she had 21 days to file an appeal. *See id.* at 31, 210. The UC Referee's decision was mailed to Claimant, at the address she provided, by regular mail, and the U.S. Postal Service did not return the decision as undeliverable. *Id.* at 210. Nevertheless, Claimant did not file her appeal to the Board until February 15, 2024. *Id.* at 105.

Claimant concedes she moved to the Netherlands to live with relatives while her appeals were pending in this matter. *See* Claimant's Br. at 2.[2] While Claimant was living in the Netherlands, she had someone forwarding mail to her. *Id.* Claimant now asserts she received the Referee's decision, but by the time it reached her in the Netherlands, "it was already too late." *Id.* at 2-3.

Claimant has not challenged the Board's findings of fact in this appeal. Relevantly, those findings provide:

5. The [C]laimant's appeal from the Referee's decision, in order to be timely, had to have been filed on or before November 1, 2023.

6. The decision was forwarded to the [C]laimant while she was out of the county, which she received on November 22, 2023.

7. The [C]laimant returned to the U.S. on December 18, 2023.

8. The [C]laimant filed an appeal on February 15, 2024.

9. The [C]laimant's appeal was late because she was trying to find a free attorney.

---

[2] Claimant did not paginate her brief, so all references to her brief reflect electronic pagination.

10. There is no evidence that the [C]laimant was misinformed or misled by the [UC] authorities regarding her right or the necessity to appeal.

C.R. at 210-11. The Board then noted Claimant's reason for filing her appeal late does not constitute good cause under the UC Law. *Id.* at 211. Further, the Board concluded it did not have the authority to accept Claimant's late filing because her delay was not caused by fraud, a breakdown in the administrative process, or by non-negligent conduct. *Id.* As a result, the Board dismissed Claimant's appeal as untimely under Section 502 of the UC Law. *Id.*

Claimant appealed the Board's order to this Court. On appeal, Claimant principally argues her employer wrongfully terminated her employment.[3] *See* Claimant's Br. at 2-3. Claimant also argues her appeal should not be considered untimely.[4] *Id.* at 2-4.

## II. Analysis

In reviewing UC orders, this Court considers whether substantial evidence supports the adjudication and whether the Board violated a claimant's constitutional rights, the law, or agency practice or procedure. 2 Pa.C.S. § 704. The Board is the ultimate fact-finder, and "the weight to be given the evidence and the credibility to

---

[3] Because the Board dismissed Claimant's appeal as untimely without reaching the merits of Claimant's appeal, the underlying merits of Claimant's application for UC benefits are not before this Court on appeal. Instead, we are limited to determining whether the Board properly dismissed Claimant's appeal as untimely.

[4] Claimant came dangerously close to waiving all issues by failing to comply with the Pennsylvania Rules of Appellate Procedure regarding her brief. *See* Pa.R.A.P. 2116(a), 2119(a). Nevertheless, because Claimant appears without counsel, we construe her brief liberally and can discern the general issue she intended to raise. *See Laster v. Unemployment Comp. Bd. of Rev.*, 295 A.3d 17, 20 (Pa. Cmwlth. 2023) (when we are able to discern a petitioner's issues, we may overlook technical violations of the Rules of Appellate Procedure and exercise our discretion to address those issues, particularly where the petitioner proceeds *pro se*). Claimant should be aware, however, that if she files similar appeals in the future, an appellate court may determine she waived issues for review by failing to comply with the Rules of Appellate Procedure.

be afforded the witnesses are within the province of the Board." *Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383, 1386 (Pa. 1985) (citation omitted). We review the record evidence "in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn" from the evidence. *U.S. Banknote Co. v. Unemployment Comp. Bd. of Rev.*, 575 A.2d 673, 674 (Pa. Cmwlth. 1990).

On appeal, Claimant has not argued her appeal of the Referee's decision was timely filed. Instead, she argues her delay was caused by her absence from the country and from seeking legal counsel upon her return. In addition, Claimant has not contested the Board's findings of fact in this matter. As a result, we construe Claimant's arguments as challenging whether Claimant had a legally recognized excuse for filing her appeal late, such that the Board should have accepted her appeal as timely. *See DiBello v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018) (a claimant's "failure to file an appeal within the [21 day statutory period], without an adequate excuse for the late filing, mandates dismissal of the appeal") (citation omitted).

When a claimant files an untimely appeal, she may be entitled to equitable relief in the form of an appeal *nunc pro tunc* in certain, specific, extraordinary circumstances. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). To be entitled to appeal *nunc pro tunc*, the claimant bears a heavy burden of demonstrating her delay was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent conduct of the claimant or claimant's attorney that was beyond the claimant's control. *Lopresti v. Unemployment Comp. Bd. of Rev.*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012).

4

Here, Claimant left the country while her case was pending and did not notify the UC authorities. As a result, it was by Claimant's own negligence that she received the Referee's decision after the expiration of her 21-day appeal period. Even if we could somehow overlook Claimant's negligence and classify her absence from the country as an extraordinary circumstance, Claimant still failed to file an appeal within 21 days of her return to the United States. Therefore, the Board did not err in determining Claimant failed to establish an entitlement to appeal *nunc pro tunc*.

### III.  Conclusion

For the reasons set forth above, the Board did not err in dismissing Claimant's appeal as untimely, and we affirm the Board's August 9, 2024 order.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shahla Arefzadeh,             :
           Petitioner    :
                              :
      v.                  : No. 1295 C.D. 2024
                              :
Unemployment Compensation  :
Board of Review,           :
           Respondent  :

# **O R D E R**

**AND NOW**, this 9th day of January 2026, the August 9, 2024 order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

_____
STACY WALLACE, Judge