# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darret Goldwire, : 
            Petitioner : 
  : 
      v. : No. 168 C.D. 2025
  : SUBMITTED: May 12, 2026
Unemployment Compensation : 
Board of Review, : 
            Respondent : 

BEFORE:   HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                 **FILED: June 18, 2026**

        Petitioner, Darret Goldwire (Claimant), petitions for review of the order of the Unemployment Compensation Board of Review, affirming the decision of the Unemployment Compensation Referee and dismissing his appeal as untimely under Section 501(e) of the Unemployment Compensation Law.[1]  We affirm.

        The relevant history of this matter is as follows.  In February 2024, Claimant filed for unemployment compensation benefits after his employment as an over-the-road truck driver was terminated.  The Department of Labor and Industry issued a monetary determination on February 7, 2024, finding Claimant financially eligible for benefits with a weekly benefit rate of $241.00.  Certified Record (C.R.) at 23.  The monetary determination specified that Claimant had 21 days – or until

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

February 28, 2024 – to file a wage protest or an appeal, and included detailed instructions on how to appeal as well as a blank appeal form. C.R. at 24, 27-28. Claimant filed his appeal of the monetary determination electronically on March 5, 2024, six days past the deadline.

In June 2024, the Referee held a hearing to address the timeliness of Claimant's appeal.[2] U S Xpress Inc., Claimant's Employer, opted not to participate in the hearing. Claimant testified that he received the monetary determination and opened it in February, but did not review it. According to Claimant, he "didn't do anything, because [he] assumed that it was correct." C.R. at 142. On March 5, 2024, Claimant purportedly learned that the monetary determination listed the incorrect final Employer and he filed his appeal that same day. Claimant admittedly received the monetary determination via the means he selected, internal message with email notification. The Referee subsequently issued a decision dismissing Claimant's appeal as untimely, reasoning that he "was not misinformed nor in any way misled regarding the right of appeal or the need to appeal." C.R. at 152. Claimant then appealed to the Board and requested *nunc pro tunc* relief.

In November 2024, the Board issued a decision affirming the Referee's determination that Claimant's appeal be dismissed as untimely. Further, the Board found that Claimant failed to show fraud, an administrative breakdown, or non-negligent conduct prevented him from filing a timely appeal. While the Board found Claimant generally credible, it nonetheless held there was insufficient evidence to excuse his failure to appeal before the deadline. Claimant then timely petitioned this Court for review.

---

[2] Claimant was *pro se* when he filed his claim petition and during the proceedings before the Referee. He obtained counsel upon appealing to the Board.

Section 501(e) of the Law provides that an appeal must be filed with the Board "no later than [21] calendar days after the" determination date. 43 P.S. § 821(e). Once that 21-day period lapses, a determination becomes final and the Board loses jurisdiction to consider an appeal, even if it is filed just one day late. *See, e.g.*, *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) (explaining statutory time limit for filing appeal is mandatory and "may not be extended as a matter of grace or indulgence"); *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (explaining appeal filed even one day late deprives Board of jurisdiction). However, our courts have recognized that this time limitation can be waived in limited circumstances, and an appeal may "be considered timely as *nunc pro tunc*, or 'now for then.'" *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021) (quoting *Hessou*, 942 A.2d at 198). A claimant requesting *nunc pro tunc* relief has "an extremely heavy burden," and "must demonstrate that his delay resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances[.]" *Carney*, 181 A.3d at 1288.

Here, Claimant asserts that his untimely appeal was due to both a breakdown in the administrative process and non-negligent circumstances beyond his control. But the facts here do not support these arguments and do not fall within either exception. Claimant admittedly received the monetary determination when it was issued in February 2024. He simply assumed it was correct and chose not to review the determination; thus, it was Claimant's own failure to examine the ruling that resulted in his missing the appeal deadline. *See, e.g.*, *Lopresti v. Unemployment Comp. Bd. of Rev.*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012) (the non-negligence must be beyond the claimant's control). Moreover, this is not a case where Claimant

"attempted to file an appeal, but unforeseeable and unavoidable events precluded h[im] from doing so successfully." *Goldstein v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., Nos. 457-461 C.D. 2024, filed May 15, 2025), slip op. at 6[3] [citing *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1132 (Pa. 1996)].

Claimant also alleges there was an administrative breakdown because the Department failed to include certain wages in calculating his base year salary. However, this argument goes to the merits of the monetary determination, not whether there was a breakdown in the administrative process. There is simply no evidence of record that the Department acted "negligently, improperly, or in a misleading way," and therefore Claimant failed to establish there was an administrative breakdown. *Harris*, 247 A.3d at 1229 [quoting *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev.*, 746 A.2d 581, 584 (Pa. 2000) ("Our Supreme Court has "characterized administrative breakdown as occurring when 'an administrative body acts negligently, improperly or in a misleading way.'")].

Given that Claimant's appeal was untimely and the record does not demonstrate any of the extraordinary circumstances that would warrant *nunc pro tunc* relief, we conclude that the Board did not err in dismissing his appeal. Accordingly, we affirm the Board's order.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[3] This unreported opinion is cited for its persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darret Goldwire, : 
                 Petitioner : 
                 : 
        v. :    No. 168 C.D. 2025
                 : 
Unemployment Compensation : 
Board of Review, : 
                 Respondent : 

# O R D E R

AND NOW, this 18th day of June, 2026, the Unemployment Compensation Board of Review's Order is AFFIRMED.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita